Archibald v. Clark.

JOHN E. ARCHIBALD *v.* H. H. CLARK and J. C. LAMBETH.*

(*Nashville.*   December Term, 1901.)

1.  **CONSTITUTIONAL LAW.** Road law applicable to only one
    county under population classification is constitutional.

    A road law under population classification applicable to only one
    county is not for that reason unconstitutional.

    Acts cited and construed:   Acts 1901, ch. 55.

    Constitution cited and construed:   Art. 11, sec. 8.

    Case cited and approved.   Condon v. Maloney, 108 Tenn., 82.

2.  **SAME.** House bill substituted for identical senate bill which
    had passed two readings and then read and passed once is con-
    stitutionally enacted.

    Where the senate bill and the house bill are the same in tenor
    and substance in their caption and body, and the house bill duly
    passed by the house is transmitted to the senate after the sen-
    ate bill had duly passed its two readings, and thereupon the
    house bill is substituted for the senate bill and read and passed
    in the senate, the law is constitutionally enacted, and the con-
    stitutional requirements (art. 2, sec. 18) that a bill shall be read
    and passed in each house on three seperate days is complied
    with.

    Acts cited and construed:   Acts 1901, ch. 55.

    Constitution cited and construed:   Art. 2, sec. 18.

*This opinion, rendered at the December term, 1901, is now published by the
order of the Court—Reporter.

Archibald v. Clark.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—H. H. COOK, Chancellor.

MOREAU P. ESTES, for complainant.

SAMUEL N. HARWOOD, for defendants.

MR. JUSTICE WILKES delivered the opinion of the Court.

This cause involves the constitutionality of the act of April 20, 1901 (Acts 1901, p. 80, c. 55), known as "House Bill No. 1089," and being the new road law applicable to Davidson county. Complainant at the January term, 1901, of the county court of Davidson county, was elected road commissioner of his district, and qualified and was duly inducted into office. The defendants are justices of the peace of that district, upon whom the act in question devolves the duties of road commissioner, and the bill seeks to enjoin them. The chancellor held the act constitutional, and the court of chancery appeals affirmed his decree, and complainant has appealed.

Many objections are made to the act, all of which were earnestly and elaborately presented to the court of chancery appeals, and urged upon it, and that court has considered them and passed on them fully.

Only two of them are urged before this court, but we do not consider the others abandoned, but only think it necessary to say that in our opinion they are not objections which make the act invalid.

The first real ground of contention is that the act is class legislation and a partial law, and hence obnoxious to article 11, section 8, of the constitution.

And the other is that it was not passed on three different days in the senate.

The act appears from the journals to have been signed in open session by both speakers, and it is approved by the governor and promulgated as the law of the State.

The first ground of objection, that the act is partial and class legislation, is so fully met and covered by the late case of Condon v. Maloney, 108 Tenn., 82, 65 S. W., 871, that we do not think it necessary to do more than say that the principle announced in that case in our opinion is conclusive of this.

The other objection raises a question as to the passage of the act.

It appears that senate bill No. 621 and house bill No. 1089 were of precisely the same substance and tenor in their caption and body; one introduced in the house, and the other in the senate. House bill No. 1089 passed regularly three readings on three different days in the house. It was then transmitted to the senate. Senate bill No. 621 had already passed two readings in that body before house bill No. 1089 reached it.

Archibald v. Clark.

Thereupon the house bill was substituted for the senate bill, and was read and passed the senate.   It is said that this is not in accord with the constitutional provision, and that as a matter of law and fact house bill No. 1089 only passed one reading in the senate.

It is very tersely stated by the court of chancery appeals that this mode of procedure is in accord with the usual legislative custom of passing bills.

We know, as a matter of judicial cognizance and of legislative history, that a very large part of the laws now upon the statute books of any public importance have been passed in this way and by this mode of procedure.   Nor can we see any valid reason why it is not a constitutional mode.   The substitution of one bill for another may be treated for all practical purposes as the passing of the same bill. They are the same in tenor and effect, in caption and body, relate to the same subject, and have the same provisions.   The passage of one is in effect the passage of the other.   We need not consider what the rule might be if the bills contained dissimilar provisions; for that condition does not arise in this case, but the court of chancery appeals finds that they are in tenor and substance the same, and the constitutional provision is fully met. .

The other assignments made and questions presented are so fully disposed of by the court of chancery appeals that we need not comment upon them further than to say that the opinion and decree of the court of chancery appeals is correct, and it is affirmed.