## MURPHY v. THE STATE.

### (*Nashville.* December Term, 1904.)

1. **STOCK LAW.** **Not unconstitutional because applicable to counties of certain population only.**

   The Act of 1903 (ch. 499) to prohibit the running at large of hogs, sheep and goats in counties having a population of not less than 25,000 and not more than 25,100, according to the federal census of 1900, or any subsequent federal census, is not arbitrary and vicious class legislation, within the prohibition of article 11, section 8, of the constitution, but is constitutional and valid.

   Act cited and construed: 1903, ch. 499.

   Cases cited and approved: Peterson v. State, 104 Tenn., 128; Turner v. State, 111 Tenn., 593; Cook v. State, 90 Tenn., 407; Condon v. Maloney, 108 Tenn., 82; Archibald v. Clark, 112 Tenn., 532.

2. **SAME,** **Violation of, not indictable where civil remedy only is provided.**

   Said Act (1903, ch. 499) provides a civil remedy in the nature of an action for damages, enforceable by means of a lien on the offending stock, and does not declare a violation of the act to be a misdemeanor or indictable; hence the remedy provided by the act is exclusive, and a criminal prosecution cannot be predicated thereon.

   Cases cited and approved: State v. Maze, 6 Humph., 17; State v. Lorry, 7 Baxt., 95; State v. Manz, 6 Cold., 557.

---

FROM ROBERTSON.

---

Appeal in error from the Circuit Court of Robertson County.—B. D. BELL, Judge.

J. B. FORT and TRUE & DORSEY, for Murphy.

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

The plaintiff in error, Murphy, was indicted and convicted in the circuit court of Robertson county for permitting his hogs to run at large in that county, and adjudged to pay a fine of $25, from which judgment he has brought the case to this court by appeal in the nature of a writ of error.

The indictment is preferred under chapter 499, p. 1342, of the Acts of the general assembly of 1903, entitled "An act to prohibit the running at large of hogs, sheep and goats in counties having a population of not less than 25,000, and not more than 25,100, according to the federal census of 1900, or any subsequent federal census."

Section 1 of this act provides that it shall be unlawfull for the owner or any one having control of hogs, sheep and goats to allow them to run at large in counties of this State having a population of not less than 25,000 nor more than 25,100 according to the federal census of 1900 or any subsequent federal census.

Section 2 provides for a lien upon stock allowed to run at large in violation of this act, and its enforcement for damages done by such stock; and section 3 allows any one upon whom such stock may trespass to confine

it and recover of the owner reasonable compensation for its keep, for which a lien is also given.

Section 4 provides that the act shall not operate as a repeal of the railroad stock and fence law, and by section 5 it is made effective from and after its passage.

The first error assigned is that this act violates article 11, section 8, of the constitution of Tennessee, and is therefore invalid. The statute is not subject to this objection. It is now well settled that statutes of this character are not arbitrary and vicious class legislation within the prohibition of this provision of the constitution, but are constitutional and valid. *Peterson* v. *State,* 104 Tenn., 128, 56 S. W., 834; *Turner* v. *State,* 111 Tenn., 593, 69 S. W., 774; *Cook* v. *State,* 90 Tenn., 407, 16 S. W., 471, 13 L. R. A., 183; *Condon* v. *Maloney,* 108 Tenn., 82, 65 S. W., 871; *Archibald* v. *Clark,* 112 Tenn., 532, 82 S. W., 310.

The other error assigned is that the statute does not make the violation of it a misdemeanor, but provides a civil remedy against all violators, and therefore no criminal action can be predicated upon it. This point is well taken, and must be sustained, upon the authority of the cases of *State* v. *Maze,* 6 Humph., 17; *State* v. *Lorry,* 7 Baxt., 95, 32 Am. Rep., 555; and *State* v. *Manz,* 6 Cold., 557.

The judgment of the circuit court is therefore reversed, and the case dismissed.