ELLIOTT *et al. v.* FUQUA *et al.*

(*Knoxville,* September Term, 1947.)

Opinion filed October 18, 1947.

ELKIN GARFINKLE, of Nashville, for Elliott.

ROY H. BEELER, Atty. Gen., and HENRY C. FOUTCH, Asst. Atty Gen., HORACE OSMENT, CHARLES L. CORNELIUS and JACOB H. DOYLE, all of Nashville, for Fuqua.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This cause, here on demurrer, involves the constitutionality of Chapter 58 of the Private Acts of 1947, which affects Davidson County only. The chancellor upheld the validity of the Act. The principal assault made is that the Act violates Article 2, section 17, of our Constitution in that the body of the Act is broader than its caption; that is to say, the body of the Act prohibits while the caption purports only to regulate.

It is also contended that the Act does not deal with the county in its political or governmental capacity, but its purport is to affect the citizens in their property and contract rights without affecting others in like condition in other parts of the State, and, therefore, violates Article 1, section 8, and Article 11, section 8, of our Constitution.

The caption of the Act under consideration reads: ''An Act to regulate the possession, storage use, manufacture, or sale of pyrotechnics, as defined in this Act, in all counties in this State having a population of not less than 250,000 and not more than 260,000 inhabitants, according to the Federal census of 1940, or any subsequent Federal census; and to provide penalties for the violation of this Act.''

Section 1 provides:

''Be it enacted by the General Assembly of the State of Tennessee, That from and after the effective date of this Act, it shall be unlawful for any person, firm or corporation to possess, store, use, manufacture or sell pyrotechnics, as hereinafter defined, in all counties of this State having a population of not less than 250,000 and not more than 260,000 inhabitants according to the Federal census of 1940, or any subsequent Federal census.

''The term 'pyrotechnics' as used in this Act shall be held to mean any sparkler, squibb, rocket, firecracker, Roman candle, fire balloon, flash light composition, fire-

works or other similar device or composition used to obtain a visible or audible pyrotechnic display.''

Section 2 of the Act provides for the confiscation of articles of merchandise coming within the definition of ''pyrotechnics.''

Section 3 provides penalties for violations of the Act.

Section 4 is as follows: ''Be it further enacted, That nothing in this Act shall be construed as applying to persons, firms and corporations conducting public displays of pyrotechnics by contract or arrangement with any State Fair, patriotic assembly or similar public functions, who acquire all articles used in such pyrotechnic displays from points outside the counties in this State to which this Act is applicable, and keep such pyrotechnic articles in their possession at all times during the public gathering, and transport the same out of this county upon the conclusion of the arrangement or contract under which such pyrotechnics are displayed for public entertainment.''

Section 5 provides that the Act is severable.

Section 6 is the general welfare clause.

As to the first objection, in the case of *Palmer* v. *Southern Express Co.*, 129 Tenn. 116, 165 S. W. 236, the Court had under consideration the so-called bone dry law enacted by the Legislature in 1913, Pub. Acts 1913, 2 Ex. Sess., c. 1. The caption begins: ''An Act regulating the shipment of intoxicating liquor into this State or between points within this state; regulating the delivery of such liquor; . . .''

One ground of attack was that the Act in its body contained ''prohibitions.''

The Court upheld the constitutionality of the Act and pointed out that it was within the authority of the Legislature to make such incidental prohibitions in order to

effectively regulate the use and consumption of intoxicating liquor within the State, and said (129 Tenn. at page 155, 165 S. W. at page 246) : ''. . . The court has kept before it always in these cases, as the pole star of construction, that the purpose of the constitutional provision governing the inquiry was to prevent omnibus legislation and confusion in the minds of members of the Legislature, and misleading as to the real purpose and scope of acts brought before the Legislature. It is clear, from a perusal of the above-mentioned cases, although the precise point may not be fully brought out in the excerpts we have made, that while no act can constitutionally have in its title more than one subject, and while that subject as it appears in the body of the act must fall under the title, yet that a multitude of particulars may be thus embraced under a general subject, each of them in some way leading, directly or indirectly, to the furtherance of the general purpose appearing in the title.'' See, also, *Patterson et al.* v. *Town of Tracy City et al.*, 183 Tenn. 160, 191 S. W. (2d) 432; *Wilson* v. *State,* 143 Tenn. 55, 224 S. W. 168; *Mayor and Alderman of Gallatin* v. *Sumner Co.,* 152 Tenn. 518, 279 S. W. 387; *Steele* v. *Louisville & N. R. Co.,* 154 Tenn. 208, 285 S. W. 582; *City of Brownsville* v. *Reid,* 158 Tenn. 445, 14 S. W. (2d) 730; and *State ex rel. Melton* v. *Nolan,* 161 Tenn. 293, 30 S. W. (2d) 601.

We are of opinion that the Act may be construed to be regulatory in its nature. It forbids the use of pyrotechnics by those generally known to be nonprofessionals in this field. It permits the use of the articles by those who are generally known to be professionals, while it prohibits their use by amateurs, children, and the people generally. It seems reasonable to say that persons under contract with fairs, patriotic organizations, etc., for pub-

public is prohibited from engaging in this dangerous pastime.

As to the second insistence, we think the classification made is reasonable. The metropolitan area comprising the City of Nashville extends far beyond the city limits and that part of Davidson County outside the City of Nashville is generally well populated. The record does not show what differences, if any, exist between this county and some other populous counties of the State, but we think there are such differences as would permit the Legislature to make the classification in question. We do know that there are many differences between this county and most of the other counties of the State. *Murphy* v. *State,* 114 Tenn. 531, 86 S. W. 711; *Hall* v. *State,* 124 Tenn. 235, 137 S. W. 500; *Darnell* v. *Shapard,* 156 Tenn. 544, 3 S. W. (2d) 661.

It results that the assignments of error are overruled and the decree of the chancellor is affirmed.

NEIL. C. J., and TOMLINSON and GAILOR, J.J. concur.

BURNETT, J., not participating.