IRVIN JONES, Sheriff, and Fentress County

*v.*

Ross E. HAYNES et al.

424 S.W.2d 197.

(*Nashville,* December Term, 1967.)

Opinion filed January 26, 1968.

NEAL & CRAVEN, Jamestown, for appellants.

MILLARD V. OAKLEY, Livingston, for appellees.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The only question involved in this suit is whether or not Chapter 97 of the Private Acts of 1967 is constitutional. The Act in its caption applies to Fentress County only. The Chancellor held the Act unconstitutional and this appeal resulted.

Sections 53-3001 through 53-3016, T.C.A., regulate the use and sale of pyrotechnics in this State. The general law, *inter alia*, prohibits the sale and use by the general public of pyrotechnics except during the period of June 20 to July 5 and December 10 through January 2 of each year. The Private Act, here attacked, prohibits the sale and the use of pyrotechnics, by the general public, during all times of the year. Both the general law and the Private Act make any violation thereof a misdemeanor.

Section 5 of the questioned Act provides that the Act does not become effective unless it is approved by a two-thirds vote of the Quarterly County Court of Fentress County. It thus appears that the question of the constitutionality of this Act depends upon whether or not the Home Rule Amendment to the Constitution of Tennessee (Article 11, sec. 9) is applicable to an act of the kind here in question. This provision of the Constitution, that is, the Home Rule Amendment, by its very terms, is limited in its application to acts affecting governmental or proprietary capacity. The regulation of firecrackers in Fentress County would neither be in its governmental nor in its proprietary capacity as those terms are commonly understood by our decisions on those questions in this State.

■■ To simply and briefly state what is meant by these terms we would say that the county in its governmental capacity acts merely as an arm of the State for the convenient administration of government in its capacity for public good and on behalf of the State rather than for itself; while on the other hand the county acts in its proprietary or private capacity mainly for its own ends, purposes and benefits, separate from or in addition to the burdens and benefits imposed, or conferred, upon it by the State Government.

The Home Rule Amendment, above referred to, has no relation to the enactment of criminal statutes by a vote of the people in one county as to whether or not a certain criminal law is applicable, even on a misdemeanor statute.

"It is an accepted rule of law in this State that no legislative act may be so framed that it derives its efficacy from a popular vote. *Wright v. Cunningham,* 115 Tenn. 445, 91 S.W. 293.

"Webster's New International Dictionary defines efficacy as a means of exerting such power; also effect of force." *Lobelville Special School District v. McCanless,* 214 Tenn. 460, 381 S.W.2d 273.

■ The opinion of *Wright v. Cunningham,* supra, was written many years ago and was an excellently reasoned opinion and has been consistently followed since that time. Of course, it was written long before the Home Rule Amendment was passed, but, as said above, the Home Rule Amendment in no wise changed this rule insofar as criminal statutes are concerned. It has long been the accepted rule that only the Legislature of this State may enact criminal laws and that the efficacy of

these acts cannot be made to hinge upon the outcome of an election, or the approval of the County Court. *Sandford v. Pearson,* 190 Tenn. 652, 231 S.W.2d 336.

██ Special legislation, as this Act is, that is, it is special legislation affecting Fentress County, affecting different counties or cities in their governmental or political capacities, does not offend Article 11, sec. 8, or Article 1, sec. 8, of our Constitution even though contrary to a general statute, provided that there is a reasonable basis for the classification. This is the basis of the holding in *Elliott v. Fuqua,* 185 Tenn. 200, 204 S.W.2d 1016, which held a Private Act applicable to Davidson County was not unconstitutional, because it was specifically held therein that Davidson County is confronted with problems and circumstances unique to that county. There is nothing in the Act now before us to show that Fentress County is in any different circumstances or condition than any other county in the State of the same size and population. Such a showing is necessary where the general law is to be suspended, and when such is not shown the Act is plainly unconstitutional and is violative of Article 1, sec. 8 of our Constitution.

In *State ex rel. Hamby v. Cummings,* 166 Tenn. 460, 464, 63 S.W.2d 515, 516, this Court answered a question which could be really posed here, when it said:

"It is further insisted that the act here involved was designed to affect the county in its political and governmental capacity. While it may so affect the county, as most statutes limited to a particular county do, nevertheless, if it primarily affects the rights of the citizens, without affecting others in like condition elsewhere in the state, it is invalid."

It is obvious from what we have just said the appellants rely entirely upon *Elliott v. Fuqua,* supra, but in addition to the distinction we have just shown between the *Elliott* case and the present case, we must also remember that *Elliott v. Fuqua,* supra, was decided prior to the enactment of the general fireworks statute, (sec. 53-3001 et seq., T.C.A.).

It results that Chapter 97 of the Private Acts of 1967 offends Article 1, sec. 8 and Article 11, sec. 8, of the Tennessee Constitution, and is invalid. The judgment of the Chancellor is thus affirmed.