STATE OF TENNESSEE, Plaintiff-in-Error,

*v.*

ROBERT W. TOOLE and Wife, RUTH F. TOOLE,
Defendants-in-Error.

457 S.W.2d 269.

(*Knoxville,* September Term, 1969.)

Opinion filed August 3, 1970.

DAVID M. PACK, Attorney General and Reporter, and
BART DURHAM, Assistant Attorney General, Nashville,
for plaintiff in error.

JOHN M. FOLEY, Knoxville, for defendants in error.

492

Mr. Justice Humphreys delivered the opinion of the Court.

Defendants-in-Error were indicted for unlawfully maintaining an automobile graveyard contrary to regulations of Loudon County, said regulations adopted pursuant to T.C.A. sec. 6-741. The trial judge dismissed the indictment and granted the State an appeal. The case is before this Court on the sole question, whether or not T.C.A. sec. 6-741, as it relates to counties, is constitutional. We agree with the trial judge that it is not.

After defining an automobile graveyard T.C.A. sec. 6-741 in pertinent part provides:

"The governing body of each county by resolution, and the governing body of each city, town or metropolitan government by ordinance, may regulate and license the maintenance of automobile graveyards as defined above, and may prescribe fines and other punishment for violations of such resolutions or ordinances."

By this statute the legislature undertook to delegate to Loudon and other counties of the State authority to declare certain conduct to amount to a crime and to prescribe punishment for that conduct; punishment not limited to a small fine.

The State justifies this legislation by citing *Wright v. Cunningham*, 115 Tenn. 445, 91 S.W. 293 (1905), and *Gamble v. State*, 206 Tenn. 376, 333 S.W.2d 816 (1960). *Wright v. Cunningham* recognized that the legislature might delegate certain limited powers appropriate to the operation of counties to the quarterly county court. *Gamble v. State* sustained the validity of a private act applicable to Davidson County authorizing the Davidson County Board of Health to make necessary rules to protect the County's health. In that act the legislature prescribed the fine for the violation of the health rules. Neither of these cases, nor any of the other cases cited by the State relating to municipalities, have anything to do with the question whether the legislature can delegate to a county authority to create crimes.

These citations are aside from the mark not only for the reason mentioned, but, because the problem we have here is not solely one of delegation, it is rather, whether the legislature can authorize a county to declare conduct valid in other counties to be criminal in that county and by this process circumvent not only the rule against delegation of powers peculiarly the province of the legislature (that of creating crimes) but also by this process to circumvent the requirements of Article 1, Section 8, that the law of the land be general. (See Footnote [1] and cases annotated under this section in the annotated constitution in Vol. 1, T.C.A.)

If, as we held in *Jones v. Haynes*, 221 Tenn. 50, 424 S.W.2d 197 (1968), the legislature cannot enact a law

---

[1] *"No man to be disturbed but by law.*—That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." Article 1, Section 8.

making the sale of fireworks a crime in Fentress County alone, because this would amount to a suspension of the general law against the inhabitants of that county, it would seem to be an a fortiori proposition that the legislature cannot delegate to a county authority to do this in its place and stead.

While the statute under consideration is aimed at a condition that needs legislative attention, we cannot, because of this hard fact, bring ourselves to make bad law, law under which the legislature could ultimately turn over to quarterly county courts its lawmaking function in the field of crime, resulting in there no longer being any general law of the land as contemplated by Article 1, Section 8. While a society made complex by the increasing number of people and their increasing demands for public service does now and will even more so in the future demand local solutions, these solutions will have to be found within the limits of our constitution.

The judgment of the trial court is affirmed.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.