B & B DISTRIBUTING COMPANY, INC. (a/k/a in Tennessee, Strickland Brothers), Plaintiff-Appellant,

v.

METROPOLITAN NASHVILLE, DAVIDSON COUNTY, Tennessee, et al., Defendants-Appellees.

Court of Appeals of Tennessee, Western Section, at Nashville.

Nov. 10, 1983.

Application for Permission to Appeal Denied by Supreme Court March 19, 1984.

Joel H. Moseley, Nashville, for plaintiff-appellant.

William F. Howard, Nashville, for defendants-appellees.

NEARN, Presiding Judge, Western Section.

Plaintiff, B & B Distributing Company is a dealer in fireworks. Plaintiff obtained permits from the State of Tennessee, Department of Insurance, Division of Fire Prevention to engage in the sale of fireworks as a retailer in various locations in Davidson County. The permits contained this caveat: "This permit is issued subject to any valid private act or municipal ordinance which prohibits or restricts the sale or use of fireworks." Fearful of arrest and confiscation of property under a certain private act and ordinance of questionable validity, plaintiff filed an application for a restraining order in the General Sessions Court of Davidson County. The object of the application was to prevent the Police Department of the Metropolitan Government of Nashville, Davidson County, Tennessee, from carrying out threatened arrests of plaintiff's employees for the violation of Section 17–2–46 of the Metropolitan Code. (We presume the said Metropolitan Code Section has something to do with fireworks, but same has never properly been made a part of the record.)

The Judge of the General Sessions Court declined to issue the restraining order on the grounds that the 1947 Private Act (Chapter 58 of the Private Act of 1947) was the law of Davidson County. Plaintiff appealed to the Circuit Court of Davidson County.

Insofar as pertinent to this matter the Circuit Judge found:

6. The Court takes judicial notice, to which the Defendants did not object, that the Defendants have never arrested or prosecuted anyone for possession or use of pyrotechnics under Section One (1) of Chapter 58 of the Private Acts of 1947. Therefore, the words "possess" and "use" should be stricken from the Act as being unduly oppressive in the exercise of police power and in violation of the due process clause of the Tennessee Constitution.

7. Section Two (2) of Chapter 58 of the Private Acts of 1947 is hereby declared unconstitutional and void.

Based on that finding the Circuit Judge ordered:

IT IS FURTHER ORDERED BY THE COURT that the words "possess" and "use" in Section One (1) of Chapter 58 of

the Private Acts of 1947 be, and the same are hereby, deleted therefrom, so that it is now lawful for any person in Davidson County, Tennessee, to possess and use pyrotechnics.

IT IS FURTHER ORDERED BY THE COURT that all of Section Two (2) of Chapter 58 of the Private Acts of 1947 be, and the same is hereby, deleted therefrom, so that no peace officer or sheriff may confiscate pyrotechnics.

Both plaintiff and the Metropolitan Government of Nashville, Davidson County, Tennessee appeal. Plaintiff appeals because the Circuit Judge failed to hold Chapter 58 of the Private Acts of 1947 unconstitutional in its entirety or that it was repealed by the adoption of T.C.A. § 53–3001 *et seq.* Metropolitan appeals charging the Court with error in finding any part of the Private Act to be unconstitutional.

We believe the appeal of Metropolitan is well taken and reverse the action of the Trial Judge.

The pertinent provisions of Chapter 58 of the Private Acts of 1947 are as follows:

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That from and after the effective date of this Act, it shall be unlawful for any person, firm or corporation to possess, store, use, manufacture or sell pyrotechnics, as hereinafter defined, in all Counties of this State having a population of not less than 250,000 and not more than 260,000 inhabitants according to the Federal Census of 1940, or any subsequent Federal Census.

The term "pyrotechnics" as used in this Act shall be held to mean any sparkler, squibb, rocket, firecracker, Roman candle, fire balloon, flashlight composition, fireworks or other similar device or composition used to obtain a visible or audible pyrotechnic display.

SEC. 2. *Be it further enacted,* That any article or articles of merchandise coming within the definition of "pyrotechnics" as defined in this Act, are hereby declared to be contraband, and subject to confiscation whenever found within the boundaries of any county within this State to which this Act is applicable, and it shall be the duty of the Sheriff of any such County, and all peace officers, to seize such article or articles and destroy the same.

■ The constitutionality of the private act has been clearly expressed by our Supreme Court in *Elliott v. Fuqua,* (1947) 185 Tenn. 200, 204 S.W.2d 1016. In this case the Trial Judge concluded that the words "possess" and "use" contained in said private acts were unduly oppressive in the exercise of police power, in violation of the due process clause of the Tennessee Court and should be stricken from the act. No reasons were given for this conclusion. No proof was taken on the issue. All acts of the Legislature are presumed to be constitutional. *Dennis v. Sears, Roebuck & Co.,* (1969) 223 Tenn. 415, 446 S.W.2d 260. In addition, the words "possess" and "use" were in the act when its constitutionality was declared in the *Elliott* case and reaffirmed in *Jones v. Haynes,* (1967) 221 Tenn. 50, 424 S.W.2d 197. Accordingly, we are unable to find any authority to support the action of the Circuit Court.

■ Counsel for B & B argues that the constitutional change in 1953 operated in an *ex post facto* manner to create an infirmity of constitutional magnitude in the 1947 Private Act. Effective November 19, 1953, Article 11, § 9 of the Tennessee Constitution provides as follows:

..., and any act of the General Assembly private or local in form or effect applicable to a particular county or municipality either in its governmental or its proprietary capacity shall be void and of no effect unless the act by its terms either requires the approval by a two-thirds vote of the local legislative body of the municipality or county, or requires approval in an election by a majority of those voting in said election in the municipality or county affected.

It is the argument of counsel for B & B that since the constitutional amendment only provided that "any act" rather than

"any act *adopted after the effective date* of this amendment" such failure renders the 1947 act unconstitutional because the 1947 act was not approved by a two-thirds vote of the local legislative body even though there was no such constitutional provision in 1947. It is also argued that such failure in the wording of the Constitutional amendment rendered the decision of the Supreme Court in *Elliott v. Fuqua, supra,* meaningless. No authority is cited in support of these novel arguments. Accordingly, we cite no authority in rejecting them.

■ Counsel for B & B also claims that by the passage of the General Fireworks Statute in 1959 (T.C.A. Sections 53–3001 through 53–3016) there was a repeal of the 1947 private act. Counsel cites only the case of *State v. Lewis,* (1955) 198 Tenn. 91, 278 S.W.2d 81, to support that claim with no argument or explanation to support it. Since *State v. Lewis* dealt with repeal by implication, we suppose counsel means that by implication the General Fireworks Statute repeals the private act. However, we find no merit to that position in view of the fact that Section 53–3016 [now T.C.A. § 68–22–116] of General Fireworks Statute provides:

> This chapter shall in no wise affect the validity of any private act, now or which may hereafter be enacted, or any city ordinance further prohibiting or restricting the sale or use of fireworks.

■ Finally, counsel for B & B insists "Chapter 58 of the Private Acts of 1947 has been repealed by Ordinance 76–204 of the Metropolitan Government." We do not consider the issue. First, we do not find that the issue was ever raised in the lower Court and secondly, Ordinance 76–204 of the Metropolitan Government is not properly part of this record.

The result is the judgment below is reversed and the case dismissed. All costs below and of appeal are assessed against B & B.

TOMLIN and CRAWFORD, JJ., concur.