John F. HARWELL, Plaintiff-Appellee,

v.

William M. LEECH, Jr., W. Edward Dossett, and Knox County, Tennessee, Defendants-Appellants.

Supreme Court of Tennessee,
at Knoxville.

June 25, 1984.

William Edward Dossett, Dist. Atty. Gen., Dale C. Workman, Knox County Law Director, Knoxville, for defendants-appellants; Robert L. Jolley, Jr., Asst. Dist. Atty. Gen., Knoxville, of counsel.

Ralph E. Harwell, Knoxville, for plaintiff-appellee.

OPINION

DROWOTA, Justice.

This action was initiated by Plaintiff-Appellee challenging the constitutionality of Chapter 568, Private Acts of 1949, which prohibits the sale of fireworks in Knox County. Plaintiff's application for a license to sell fireworks had previously been denied.

The complaint and amendments thereto alleged that the Private Act violates Article I, Section 8 and Article XI, Section 8 of the Tennessee Constitution. The Attorney General (pursuant to T.C.A. § 8–6–109(b)(10), where a sufficient adversary re-

lationship exists), filed a Notice of Intent not to Defend Constitutionality of Private Act. Thereafter, the parties entered into and filed a written stipulation. The Chancellor held that Chapter 568, Private Acts of 1949, is in violation of the above mentioned provisions of the state constitution.

The Plaintiff has been engaged in the sale of fireworks in Tennessee for a number of years. T.C.A. §§ 68–22–101 through 68–22–116 (formerly T.C.A. §§ 53–3001 through 53–3016), which was enacted in 1959, regulates the sale of fireworks in the state. Section 68–22–110 allows fireworks to be sold during the specified periods of June 20 through July 5, and December 10 through January 2 of each year. Chapter 568, Private Acts of 1949, which applies to Knox County by census classification, provides in pertinent part:

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That from and after the effective date of this Act it shall be unlawful for any person, firm or corporation, to possess, store, use, manufacture or sell pyrotechnics as hereinafter defined, in all counties of this State having a population of not less than 178,400 and not more than 179,000 inhabitants, according to the Federal Census of 1940 or any subsequent Federal Census.

.    .    .    .    .

SECTION 3. Be it further enacted, That any person, firm or corporation guilty of violating any of these provisions of this Act shall be guilty of a misdemeanor.

■ Plaintiff contends that this Private Act violates the Tennessee Constitution because it is inconsistent with the general law of the state (T.C.A. §§ 68–22–101 through 68–22–116) and there is no reasonable basis for the classification set forth in the Private Act. The constitutional provisions involved are as follows:

*Article I, § 8*

*No man to be disturbed but by law.* —That no man shall be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land.

*Article XI, § 8*

*General Laws only to be passed.*—The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie, [immunities] or exemptions other than such as may be, by the same law, extended to any member of the community, who may be able to bring himself within the provisions of such law.

The conflict between Chapter 568, Private Acts of 1949 and the general law lies in the fact that the general law allows pyrotechnics to be sold during certain periods of the year and the Private Act makes such sale in Knox County a misdemeanor throughout the entire year. This inconsistency, by itself, does not necessarily render the Private Act unconstitutional.

In the leading case of *Sandford v. Pearson,* 190 Tenn. 652, 231 S.W.2d 336 (1950), the Court reiterated certain principles of law that are apropos to the case at bar.

Our cases make a clear distinction between (1) Private Acts which confer special benefits and impose special burdens on the citizens of one county, when there is no general statute, and when before the Private Act, there was only the common law, and (2) those Private Acts which undertake to amend or abrogate a prior general statute in its application to a particular county or class of counties. Private Acts of the former class have been upheld, and those of the latter class struck down.

190 Tenn. at 657–58, 231 S.W.2d at 338.

■ Chapter 568, Private Acts of 1949, clearly falls within the first class because it was passed before Chapter 159, Public Acts of 1959, which is now codified at T.C.A. §§ 68–22–101 through 68–22–116. Notwithstanding the general rule stated in

*Sandford,* that such Private Acts have been upheld, the Plaintiff argues that the Act is unconstitutional because there is no reasonable basis for the classification. The Plaintiff relies on *Jones v. Haynes,* 221 Tenn. 50, 424 S.W.2d 197 (1967), for the proposition that special legislation is unconstitutional unless there is a reasonable basis for its classification. The instant case may be distinguished in part from *Jones.* Whereas the Private Act presently under consideration uses a census classification, the private act in question in the *Jones* case did not.[1] However, identification of a county by population brackets does not necessarily preserve the statute from a constitutional attack. In the case of *State ex rel. Bales v. Hamilton County,* 170 Tenn. 371, 95 S.W.2d 618 (1936), this Court considered the constitutionality of a Private Act which applied only to Hamilton County although based on a census classification, and which contravened the general law on the same subject. Chief Justice Green, writing for the Court, stated:

> These acts are not saved because Hamilton County is designed therein by reference to its population. Unless the act relates to a matter in respect of which a difference in population would furnish a rational basis for diversity of laws, classification on such basis will not be upheld. (citations omitted)

170 Tenn. at 375, 95 S.W.2d at 619.

We must therefore ascertain if the classification found in the Private Act is reasonable. General principles of law regarding this issue were restated by this Court in *Stalcup v. City of Gatlinburg, supra,* wherein we held "that Chapter 328, Private Acts 1955, authorizing the Gatlinburg Gross Receipts Tax rests upon a reasonable basis, and it does not violate Article XI,

Section 8, Constitution of Tennessee." *Id.* at 442. In reaching this conclusion, we stated:

> It remains for determination, however, whether a reasonable basis for the special classification, which was lacking in *Brentwood Liquors Corp. of Williamson County v. Fox,* 496 S.W.2d 454 (Tenn.1973), can be found under the facts of this case. The legislature did not state in the 1955 private act any reason why the privilege of doing business in Gatlinburg should be taxed differently than that in other cities of the state. It is not necessary that the reasons for the classification appear in the face of the legislation. *State ex rel. Melton v. Nolan,* 161 Tenn. 293, 30 S.W.2d 601 (1930). If any possible reason can be conceived to justify the classification, it will be upheld and deemed reasonable. *Knox-Tenn Theatres v. McCanless,* 177 Tenn. 497, 151 S.W.2d 164 (1941). So long as the statute applies equally and consistently to all persons who are or may come into the like situation or circumstance, it is not objectionable as being based upon an unreasonable classification. *Stratton v. Morris,* 89 Tenn. 497, 15 S.W. 87 (1890). There is no general rule by which to distinguish a reasonable from an unreasonable classification, the question being a practical one varying with the facts in each case. *Dilworth v. State,* 204 Tenn. 522, 322 S.W.2d 219 (1959). Where the reasonableness of the classification is fairly debatable the courts will uphold the classification. *Phillips v. State,* 202 Tenn. 402, 304 S.W.2d 614 (1957). The burden of showing that the classification does not rest upon a reasonable basis is upon the party

---

1. A private act which designates a county by name is not *per se* constitutionally unsound. *See Darnell v. Shapard,* 156 Tenn. 544, 3 S.W.2d 661 (1927); *Accord Sandford v. Pearson, supra,* in which the Court explained the result in *Darnell v. Shapard, supra.* The Court pointed out that at the time the Private Act was passed in the *Darnell* case, there was no general statute on the same subject; therefore, the Act was upheld because it did not "abrogate or amend any general statute." *Sandford v. Pearson,* 231 S.W.2d at 338; *Confer Stalcup v. City of Gatlinburg,* 577 S.W.2d 439 (Tenn.1978). (The Court upheld the Private Act at issue which applied specifically to "the City of Gatlinburg.")

Unlike the statute in *Jones,* the Act in question was passed well before the 1959 passage of the general law regarding fireworks and therefore does not represent a suspension of the general law.

attacking the statute. *Estrin v. Moss,* 221 Tenn. 657, 430 S.W.2d 345 (1968). 577 S.W.2d at 442.

The Private Act in question does not show on its face any reasons for the classification, but such a showing is not required as pointed out above. Therefore, if we can conceive of any possible reason to justify the classification, then the statute will be upheld.

A very similar situation was before this Court in *Elliott v. Fuqua,* 185 Tenn. 200, 204 S.W.2d 1016 (1947), which involved the constitutionality of Chapter 58, Private Acts of 1947, that regulated "the possession, storage use, manufacture, or sale of pyrotechnics, as defined in this Act, in all counties in this State having a population of not less than 250,000 and not more than 260,000 inhabitants, according to the Federal census of 1940, or any subsequent Federal census." The Act applied only to Davidson County, and, like the Act being challenged in the instant case, it was passed before the enactment of a general law on the same subject. The Court upheld the Act stating:

As to the second insistence, we think the classification made is reasonable. The metropolitan area comprising the City of Nashville extends far beyond the city limits and that part of Davidson County outside the City of Nashville is generally well populated. The record does not show what differences, if any, exist between this county and some other populous counties of the State, but we think there are such differences as would permit the Legislature to make the classification in question. We do know that there are many differences between this county and most of the other counties of the State. (citations omitted)

185 Tenn. at 204, 204 S.W.2d at 1017.

■ Plaintiff argues that the *Elliott* decision is "an enigma because it upholds a fireworks act in Davidson County without any factual or other basis for determining that different conditions exist." This argument is without merit in light of the above quoted general principles of law governing the reasonable classification test. As stated above, "if any possible reason can be conceived to justify the classification, it will be upheld and deemed reasonable." *Stalcup v. City of Gatlinburg,* at 442.

■ The validity of an act of the "Legislature attempting a classification of the counties of the state is largely influenced by the character of the legislation." *Darnell v. Shapard, supra,* 156 Tenn. at 552, 3 S.W.2d 661, 663 (1927). The legislation in question is clearly designed to protect the health and welfare of the citizens of Knox County, which has a very large population. The likelihood of injury resulting from the use or misuse of fireworks is greater in a thickly populated county than in a county with a small population. We are satisfied that this Act "relates to a matter in respect of which a difference in population would furnish a rational basis for diversity of laws." *State ex rel. Bales v. Hamilton County, supra,* 170 Tenn. at 375, 95 S.W.2d at 619.

Additionally, we note that the Legislature included a significant provision in Chapter 159, Public Acts of 1959.

*TCA 68–22–116 Private Acts and municipal ordinances uneffected*
This chapter shall in no wise affect the validity of any Private Act now or which may hereafter be enacted, or any city ordinance further prohibiting or restricting the sale or use of fireworks.

This is a very clear statement that the Legislature did not intend to disturb Private Acts regulating the sale of fireworks which were in existence at the time the general law was passed. Obviously the Legislature was aware of the numerous Private Acts governing this area and felt that it was in the state's best interest that they be preserved.

Accordingly, we hold that Chapter 568, Private Acts of 1949, is not in violation of Article 1, Section 8 and Article XI, Section 8 of the Tennessee Constitution. The judgment of the Chancellor is reversed. Costs of this appeal are taxed to the Appellee.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.