STATE of Tennessee, Appellee,

v.

Kenneth CULP, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

Dec. 28, 1994.

David S. Stockton, Asst. Public Defender, Somerville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Eugene J. Honea, Asst. Atty. Gen., Nashville, Elizabeth T. Rice, Dist. Atty. Gen., William K. Randolph, Asst. Dist. Atty., Somerville, for appellee.

*OPINION*

HAYES, Judge.

This is an appeal as of right from a conviction for felony escape. Seven issues have been raised on appeal. The appellant contends that:

(1) The trial court erred in limiting the appellant's voir dire of the jurors;

(2) The trial court erred in ruling that evidence relating to events occurring prior to the appellant's escape was inadmissible;

(3) The trial court erred in granting the State's motion in limine filed on the morning of the trial;

(4) The trial court erred in refusing to charge the defense of duress to the jury;

(5) The trial court erred in failing to rule that the State had opened the door to evidence concerning events prior to the appellant's escape;

(6) The trial court erred in allowing testimony of Sheriff Ed Sutton as a rebuttal witness for the State; and

(7) The trial court erred in overruling objections based on hearsay to the testimony of Sutton.

After a review of the record, we reverse the judgment of the trial court and remand for further proceedings.

The appellant was tried and convicted for the sale of a Schedule II controlled substance in the Circuit Court for Lauderdale County on October 21, 1992. At the trial's conclusion, the appellant, while being escorted from the courthouse, walked away from the custody of the deputy sheriff who was escorting him.

Later that evening, the Lauderdale County Sheriff's Department received information indicating that the appellant could be found at a particular location in Brownsville, Tennessee. This information was relayed to the Haywood County Sheriff's Department. An investigator for the sheriff's department proceeded to the location described where he found the appellant. As he approached the appellant, the appellant turned and ran. After a short chase, the appellant fell and was apprehended.

On February 1, 1993, the Lauderdale County Grand Jury indicted the appellant on one count of felony escape. The appellant was tried by a jury on September 17, 1993. The jury returned a verdict of guilty. It is from this verdict that the appellant now appeals.

The appellant has raised seven issues, four of which are related to his inability to present the defense of duress at trial. We find reversible error in the trial court's exclusion of the appellant's offer of proof concerning events that occurred prior to the appellant's escape. We will therefore address that issue only, since the remaining issues are moot.

The appellant contends that the trial court erred in refusing to admit evidence relating to the defense of duress. On June 4, 1993, the appellant filed a notice stating that he intended to rely on the defense of duress under the provisions of Tenn.Code Ann. § 39–11–504. The appellant intended to prove at trial that he was in fear of his life in the Lauderdale County Jail, and that is why he escaped on October 21, 1992. In support of this theory, the appellant proposed to introduce testimony and other evidence of the following acts: (1) the September, 1992 beating of the appellant's girlfriend by the former Sheriff, Jerry Crain; (2) the detention of the appellant without clothes on September 4, 1992; (3) threats made toward the appellant on September 9, 1992 by the former Sheriff's son; (4) and an assault made upon the appellant by a sheriff's deputy in September, 1992; (5) the beating of several Lauderdale County inmates by other inmates in January or February of 1993.[1]

Prior to the appellant testifying before the jury, the appellant made an offer of proof wherein the appellant testified concerning the above evidence. At the conclusion of the offer of proof, the trial court held that all such evidence was irrelevant and therefore inadmissible. The trial court's decision was based upon an unreported case from this court, *State v. Oliver*, no. 1 (Tenn.Crim.App. at Jackson, March 19, 1986). In *Oliver*, the court held that a five part test formulated by the California Supreme Court in *People v. Lovercamp*, 43 Cal.App.3d 823, 118 Cal.Rptr. 110 (1974) must be met in order to establish a defense of duress in an escape case. *See Oliver*, slip op. at 5.

■ Initially, we must point out that although the parties and the trial court referred to the defense submitted by the appellant as "duress," the defense actually raised by the appellant is more akin to "necessity" than "duress." In *Lovercamp*, the case which this court adopted in *Oliver*, the issue was the appropriate elements required to establish the defense of "necessity" in an escape case. Duress is mentioned nowhere in that case. We can only assume that this court referred to the defense as necessity because at the time *Oliver* was decided, the defense of necessity was not recognized in Tennessee, whereas duress was a recognized common law defense. However, necessity is now a statutorily recognized defense in this state. The confusion seems to be more one of semantics than substance. We will therefore address appellant's arguments in terms of the defense of necessity rather than duress.[2]

■ In the case before us the trial court held that, even if proved, the evidence "doesn't go to any of the requirements that the defendant is required to show in the

---

1. The assault upon the appellant's girlfriend by Sheriff Crain resulted in an investigation by the F.B.I., which culminated in the indictment and conviction of Crain, who was sentenced to confinement in a federal prison. At the sentencing hearing in Crain's case, the court found that Crain's violence towards the appellant's girlfriend, who was white (the appellant is African-American), "was completely unprovoked and appears to have been motivated, as best as I can tell from the facts, solely by Mr. Crain's own racial attitudes." *United States v. Crain*, No. CR–92–20290–H (W.D.Tenn., Jan. 29, 1993).

2. Common law historically distinguished between the defense of duress and necessity. Duress was said to excuse criminal conduct where the actor was under an unlawful threat of imminent death or serious bodily injury, which threat caused the actor to engage in conduct violating the literal terms of the criminal law. While the defense of duress covered the situation where the coercion had its source in the actions of other human beings, the defense of necessity, or choice of evils, traditionally covered the situation where forces beyond the actor's control rendered illegal conduct the lesser of two evils. *United States v. Bailey*, 444 U.S. 394, 410, 100 S.Ct. 624, 634, 62 L.Ed.2d 575 (1980).

affirmative defense of duress" under the *Lovercamp* test. The trial court was incorrect in stating that duress is an affirmative defense which must be established by the defendant. Neither duress nor necessity are affirmative defenses. Both are "defenses." *See* Tenn. Code.Ann. § 39–11–203, –504, –601, –609. If admissible evidence fairly raises either defense, the trial court must submit the defense to the jury and the prosecution must "prove beyond a reasonable doubt that the defense does not apply." *State v. Hood*, 868 S.W.2d 744 (Tenn.Crim.App.1993); Tenn.Code.Ann. § 39–11–203(c), –201(a)(3). Thus, unlike an affirmative defense, the defendant need not prove either duress or necessity by a preponderance of the evidence. *See Hood* at 748.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn.R.Evid. 401. Thus, the question before this court is whether the evidence presented in the appellant's offer of proof tended to establish the defense of necessity. The first step in this inquiry is determining the elements necessary to establish the defense of necessity in an escape case.

■ Under the principles of Tenn.Code. Ann. § 39–11–609, the defense of necessity is available when: (1) the person reasonably believes the conduct is immediately necessary to avoid imminent harm; and (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct.

In *Lovercamp*, the California Supreme Court recognized that the defense of necessity should be available in cases of escape. However, in order to keep from being "exposed to the spectacle of multitudes of prisoners leaping over the walls screaming rape," the court held that the defense must be "extremely limited." *Id.* 118 Cal.Rptr. at 115. Accordingly, the court ruled that the following five conditions must be met in order to establish the defense of necessity in an escape case:

(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;

(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such compliance illusory;

(3) There is no time or opportunity to resort to the courts;

(4) There is no evidence of force or violence used towards prison personnel or other "innocent" persons in the escape; and

(5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.

118 Cal.Rptr at 115.

■ As stated previously, this court adopted the *Lovercamp* test in *Oliver*. However, at the time *Oliver* was decided, all defenses, including duress (necessity was not recognized at that time in Tennessee) were common law defenses. With the enactment of the 1989 Criminal Code, all common law defenses were abolished, and replaced by statutory defenses. *See* Tenn.Code.Ann. § 39–11–203(e)(1). Under the statutory framework of our criminal code, all enumerated defenses are applicable defenses to all criminal offenses unless otherwise provided by the code. We are not at liberty to choose or reject any particular defense for a particular offense. The defenses of necessity and duress are available as defenses to escape. Furthermore, the statutorily imposed elements of each defense are enumerated in the provisions of the code defining each defense. Again, we lack the authority to add or subtract from these elements. This prerogative lies with the legislature. Thus, the question before us is to what extent, if any, did the *Lovercamp* test survive the abolishment of common law defenses and statutory codification of necessity in Tenn.Code.Ann. § 39–11–609.

■ We conclude that the second and fifth elements of the *Lovercamp* test are still viable under our statutory scheme of the defense of necessity. Both elements are essentially logical extensions of the statutory re-

quirements that the "person believes the conduct is *immediately* necessary to avoid *imminent* harm." Tenn.Code.Ann. § 39–11–609(1) (emphasis added).[3] The second prong requires the proof to establish that "there is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such compliance illusory." 118 Cal.Rptr. at 115. Such a requirement is directly related to the immediate necessity of an escape. If the prisoner can remove the threat of imminent harm through administrative or other official channels, then there is no immediate necessity to flee from incarceration.

The fifth prong of the *Lovercamp* test requires the proof to establish that "the prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat." *Id.* This element is directly related to statutory requirement that the conduct be "necessary to avoid imminent harm." After the prisoner has escaped the threat or condition that created the threat of imminent harm, the necessity to continue flight from detention has abated. At this point the defense of necessity should no longer be available. *See United States v. Bailey*, 444 U.S. 394, 410–11, 100 S.Ct. 624, 634–35, 62 L.Ed.2d 575 (1980).

▮ Although we find the remaining factors in the *Lovercamp* test to be persuasive for policy reasons, we decline to adopt them. To do so would be to cast a greater burden upon a defendant than is required by the criminal code. The remaining *Lovercamp* factors do not fit within the statutory definition of necessity. Only the legislature may enact criminal laws. *Jones v. Haynes*, 221 Tenn. 50, 424 S.W.2d 197, 198 (1968).

▮ For all the above reasons, we hold that in order to establish the defense of

necessity in an escape case, the following conditions must be met:

(1) The person reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) The desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct;

(3) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such compliance illusory; and

(4) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.[4]

▮ In applying the above rules to the offer of proof in the instant case, we conclude that the evidence submitted in the appellant's offer of proof tends to establish several of the necessary elements of necessity. The evidence is therefore relevant and should have been admitted by the trial court.

The trial court found that there was no imminent danger to the appellant, since by the time he committed the escape, a new sheriff had assumed office in Lauderdale County. We are not at liberty to conclude, however, that the change in sheriffs removed the alleged threat to the appellant's safety. This is a question of fact that is more proper for the jury to decide than the trial court. *See Lovercamp*, 118 Cal.Rptr. at 116; *Hardin v. State*, 210 Tenn. 116, 355 S.W.2d 105, 114 (1962) (it is the province of the jury to determine factual issues).

We cannot conclude that the trial court's refusal to admit evidence relevant to the defense of necessity was harmless beyond a reasonable doubt.

The right to offer the testimony of witnesses ... is in plain terms the right to

---

3. This court is required to construe the provisions of the criminal code according to the fair import of their terms and to effect the objectives of the code. Tenn.Code.Ann. § 39–11–104.

4. Although the defense actually raised in this case was the defense of necessity, we recognize that in some escape cases, the applicable defense may be duress. Since the elements of duress are similar to the elements of necessity, our holding

in this opinion should have the same effect on the defense of duress in an escape case. In such a case, the trial court should submit the defense of duress to the jury if the proof fairly raises the statutory elements of duress as provided in Tenn. Code.Ann. § 39–11–504, *and* the second and fifth elements of the *Lovercamp* test that we have construed as applicable to the defense of necessity.

present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies ... This right is a fundamental element of due process of law.

*Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). The exclusion of the evidence presented in the appellant's offer of proof deprived the appellant of the fundamental right to present a statutory defense. We must therefore remanded this case with instructions that the trial court admit the appellant's proffered evidence. We have not concluded that the evidence in this case fairly raises all of the elements of the test for necessity that we have adopted. If, at the conclusion of all of the testimony, the defense of necessity has been fairly raised by the proof, the trial court must submit the defense to the jury with appropriate instructions as to the burden of proof.

In view of our ruling on the issue of the admissibility of the evidence submitted in the appellant's offer of proof, we find it unnecessary to address the other issues raised by the appellant.

The appellant's conviction is reversed. This case is remanded for a new trial consistent with this opinion.

PAUL C. SUMMERS, J., and PAUL R. SUMMERS, Special Judge, concur.