# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

July 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

KEITH JOHNSON, et ux, et al.,

     Plaintiffs-Appellants,

v.

FORTUNES UNTOLD, INC., d/b/a
EASY MONEY PAWN SHOP, et al.,

     Defendants-Appellees.

) C/A NO. 03A01-9712-CV-00464
)
) BLOUNT CIRCUIT
)
) HON. W. DALE YOUNG,
) JUDGE
)
) AFFIRMED
) AND
) REMANDED

KEVIN W. SHEPHERD, SHEPHERD & WHITE, P.A., Maryville, for Plaintiffs-Appellants Lance Denault and Dina Denault.

ROCKFORDE D. KING and WESLEY L. HATMAKER, EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C., Knoxville, for Defendant-Appellee Fortunes Untold, Inc., d/b/a Easy Money Pawn Shop.

WILLIAM A. YOUNG, O'NEIL, PARKER & WILLIAMSON, Knoxville, for Defendant-Appellee Finchum Construction Company, Inc.

LINDA J. HAMILTON MOWLES, LEWIS, KING, KRIEG, WALDROP & CATRON, P.C., Knoxville, for Defendant-Appellee Hackney Petroleum, Inc.

## O P I N I O N

Franks, J.

The Trial dismissed plaintiffs' causes of action for personal injury on the basis that the statute of limitations had run before the action was properly brought, pursuant to Rule 3, T.R.C.P.

The genesis of this case was an accident which occurred on May 2, 1996. Plaintiff Dina Denault was leaving the premises of Defendant Easy Money Pawn Shop in Blount County, and while backing, her car fell into an exposed trench.

Defendant Finchum Construction Company had opened the excavation while installing utilities for Defendant Hackney Petroleum, Inc. Also present in the car were Denault's minor son Jacob, Angela Johnson and Johnson's three minor children.

On May 2, 1997, these parties filed a complaint against the three defendants for personal injury and for damage to the car. Although the complaint was filed on May 2, 1997, the summons was not filed until May 5, 1997. The defendants moved for either a Summary Judgment or a Judgment on the Pleadings, claiming that the statute of limitations for personal injuries had expired. The Trial Court granted Defendants' motions and dismissed the plaintiffs' personal injury claims. The children's claims were not dismissed because their minority tolled the statue of limitations.

The parties agree that the personal injury claims are governed by T.C.A. § 28-3-104, which provides that all actions for personal injury must be brought within one year of the accrual of the cause of action. In this case, the accident occurred on May 2, 1996, and the complaint was filed on May 2, 1997, but no summons was filed until May 5.

At the time T.R.C.P. 3 provided in pertinent part:

> All civil actions are commenced by filing a Complaint and Summons with the Clerk of the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a Complaint and Summons, whether process be issued or not issued, and whether process be returned served or unserved . . .

It is undisputed that plaintiffs did not file a summons with the Clerk within one year of the accident. Thus, the personal injury action was not properly "commenced" within the meaning of the statute. We have considered this issue previously in *Carey v. Bourne*, 1997 WL 585750 (Tenn.App.). In *Carey,* the plaintiff filed suit for malpractice. The one year statute of limitations began to run on May 26, 1994 and the plaintiff filed a complaint on May 3, 1995 but did not file a summons

2

until May 30. The court held that the mere filing of the complaint was "insufficient to commence a cause of action under Rule 3 . . ." *Id.* at \*4. The court in interpreting the same version of Rule 3 at issue in this case, said:

> [T]he action was commenced on May 30, 1995, the date the amended complaint and summons were filed . . . Therefore, the action is barred by the one year statute of limitations applicable to medical malpractice claims.

*Id.* at \*5. The result in *Carey* and the holding of the Trial Judge in this case are consistent with the plain language of Rule 3 which was in effect at the time this action was filed.

Plaintiffs argue that Rule 3 was repealed by implication when Rule 4.07 was enacted. This issue was not raised at trial, and generally, issues not raised at trial cannot be raised for the first time on appeal. *State Dept. Of Human Services v. Defriece*, 937 S.W.2d 954, 960 (Tenn. App. 1996); *B & B Dist. Co. v. Metropolitan Nashville*, 667 S.W.2d 751 (Tenn. App. 1983). Moreover, there is a presumption against repeal by implication, *Jenkins v. Loudon County*, 736 S.W.2d 603 (Tenn. 1987).

For the foregoing reasons, we affirm the judgment of the Trial Court and remand at appellants' cost.

_____
Herschel P. Franks, J.

CONCUR:


_____
Don T. McMurray, J.



_____
William H. Inman, Sr.J.

3