## L. H. DAVIS v. THE STATE.

CONSTITUTIONAL LAW. *Witness fees.* The act of 1879, ch. 40, to prohibit speculation in witness fees, is constitutional.

### FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county.    J. M. QUARLES, J.

KENNEDY & MORRIS for Davis.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

On the 31st of March, 1879, the Legislature passed an act entitled "An act to prohibit speculation in witness fees and other fees originating in courts." The

first section reads thus: "It is hereby declared to be a misdemeanor for any person in this State, either by himself or through an agent, to purchase, contract for, or otherwise speculate in fees due to witnesses for attendance as such in said courts, or to buy or speculate in any other fees for services rendered by third persons in said courts, for less than their face value; Provided, that the provisions of this bill shall not apply to witness fees traded for merchandise or hotel bills." Acts of 1879, ch. 210, sec. 1.

The plaintiff in error was indicted for a violation of the provisions of this statute. He moved to quash the indictment, which motion was overruled. He was then tried upon the plea of not guilty, convicted, and sentenced to pay a fine and the costs. He has appealed in error.

The defense is rested upon the unconstitutionality of the act, and the argument submitted in support thereof is made to turn on general principles, rather than on any specific provisions of the Constitution. The right of the citizen to freely dispose of his property, and the absence of substantial evil to be met by the legislation, have been more discussed than the inherent power of the Legislature. It is the settled rule in this State, as in the United States generally, that the Legislature has unlimited power of legislation, except so far as it is restrained by the Constitution of the United States, and the Constitution of the State of Tennessee. *Hope* v. *Deaderick,* 8 Hum., 8; *Bell* v. *Bank of Nashville,* Peck, 269. The legislative department is not made a special agency for the exer-

cise of specifically defined legislative powers, but is entrusted with the general authority to make laws at discretion. They who insist upon the unconstitutionality of an act must point out the specific provision of the Constitution which is violated. The court can only interpose upon a plain violation of some positive provision of the organic law. Whether a statute is "contrary to the genius of a free people," is a question for the legislator, not the judge. It cannot be annulled upon supposed natural equity, the inherent rights of freemen, or any general and vague interpretation of a provision of the Constitution beyond its plain and obvious import.

The only citation from the Constitution made in the argument is the 8th section of the Bill of Rights, that no man shall be deprived of his liberty or property but by the judgment of his peers or the law of the land. And it is argued that the act in question, although in form a prohibition against the purchase of the fees of witnesses, is in fact a restraint upon the free disposition by the witness of the fees as property, and *pro tanto* a deprivation of an important element of property. But the claim of a witness for the fees allowed him by law is only a chose in action, not assignable by the common law. The Legislature has made such claims assignable, and it is clearly within its competency to take away that quality. With either the wisdom or policy of such legislation the courts. have nothing to do.

It is also argued, upon the same general principle, that the act in question, by reason of its proviso,

is not a "law of the land" equally binding on every member of the community. The "law of the land," in the sense of the Constitution, means any law which embraces all persons who are or who may come into like situation and circumstances. *Mayor etc. of Alexandria* v. *Dearmon,* 2 Sneed, 104. Our criminal laws are all of this class, and are not obnoxious to the charge of unconstitutionality because they contain exemptions, the exemptions, equally with the law, including all members of the community who may fall within their purview. The exemption in favor of policemen and travellers from the penalties of the statutes against carrying pistols otherwise than openly in the hand, and the exemption of persons at their usual place of business, or within the limits of incorporated towns from the penalties prescribed against persons selling liquor under certain circumstances, are notable instances of such provisoes.

If there is any provision of the Constitution which can be considered as contravened by the act in question, it is art. 11 sec. 8: "The Legislature shall have no power to suspend any general law for the benefit of any particular individuals, nor to pass any law for the benefit of individuals inconsistent with the general law of the land, nor to pass any law granting any individual or individuals rights, privileges, immunities, or exemptions other than such as may be, by the same law, extended to any member of the community who may be able to bring himself within the provisions of such law." But it is obvious that this clause of the Constitution only prohibits the suspension of a

general law, or the grant of privileges, immunities, or exemptions to an "individual" or "individuals." It does not prohibit legislation for the benefit of classes composed of any members of the community who may bring themselves within the class. The lien given to mechanics on the land upon which they have erected a building, the lien of the landlord on the growing crop of his tenants, the exemption of certain articles from legal process in favor of heads of families, and of a portion of his earnings in favor of the laborer, are instances of such legislation, about the constitutionality of which there never has been any doubt. The act under consideration was intended to prevent speculation in witness fees. It makes the purchase of such fees for less than their face value a misdemeanor, but, it is added, the provisions of the act shall not apply to witness fees traded for merchandise or hotel bills. The proviso does not authorize merchants and hotel keepers to speculate in the fees. It would be as much a misdemeanor for an individual of these classes to do so as for any other member of the community. The meaning of the proviso is that the transfer of the fees for food and lodging, or for goods in the ordinary course of trade, shall not be deemed speculating in them within the meaning of the act. The Legislature intended to break up a particular kind of speculation in these fees, which it thought detrimental to the public interest, without interfering unreasonably with the witness's right of using the fees in the ordinary course of business. Of the wisdom of the legislation, the law-making power is

the exclusive judge. Our duty is to enforce it, if not violative of the organic law.

The judgment must be affirmed.