The Honorable Andrew J. Doyle et al., Appellants,

*v.*

The Metropolitan Government of Nashville and Davidson County, Tennessee, Appellee.

471 S.W.2d 371

(*Nashville,* December Term, 1970.)

Opinion filed September 7, 1971.

ELKIN GARFINKLE, JACOBS H. DOYLE, Nashville, for appellants.

MILTON H. SITTON, Associate Metropolitan Attorney, Nashville, for appellee.

MR. JUSTICE CRESON delivered the opinion of the Court.

This suit is before the Court upon direct appeal from the Chancery Court, Part One, at Nashville, as the cause below was heard on bill and answer.

For the purposes of this Opinion the parties will be referred to as they appeared below; that is, the Metropolitan Government of Nashville and Davidson County, Tennessee, as complainant, and The Honorable Andrew J. Doyle, Dennis W. Summers and Donald L. Washburn as defendants, sued in their individual and their official capacities. The defendants are Judges of the Metropolitan Court Division I, II and III, respectively. The bill below also joined as a party defendant Percy L. Allen, Clerk of the Metropolitan Court, but he did not perfect an appeal to this Court.

The complainant in the instant case filed its bill seeking a declaratory judgment and injunctive relief against the defendants. The complainant seeks a determination of the validity of Ordinance No. 70-1183 as passed by the Council of Metropolitan Government pursuant to the authority granted by Chapter 220 of the Public Acts of 1969, now codified in T.C.A. sec. 6-202(16).

The defendants in their answer aver that Ordinance No. 70-1183 is null and void because Chapter 220 of the Public Acts of 1969 is in violation of Article 11, Section 9 of the Tennessee Constitution. The ordinance in the instant case imposes court costs on defendants in the Metropolitan Court of Nashville and Davidson County who pleaded guilty or were convicted of offenses.

The allegations which give rise to the present controversy are as follows:

The Council of Metropolitan Government by proper resolution on August 19, 1969, ratified Chapter 220 of the Public Acts of 1969 and thereafter the Council passed Ordinance No. 70-1183. On July 14, 1970, the defendants,

sitting en banc, ruled that Ordinance No. 70-1183 was invalid and informed the Clerk of the Metropolitan Court that henceforth court costs would not be collected by him as provided in the ordinance. As a result of the actions of defendants in the prior case in the Metropolitan Court ruling the ordinance invalid, this present suit was precipitated. From an adverse ruling in the Chancery Court the defendants have seasonably perfected an appeal to this Court:

Chapter 220 of the Public Acts of 1969 provides:

"AN ACT to amend Tennessee Code Annotated, Section 6-202(16), by granting to cities the power to set court costs incident to the imposition and collection of fines for violation of its ordinances.

*Be it enacted by the General Assembly of the State of Tennessee:*

SECTION 1. That Tennessee Code Annotated, 6-202 (16) is hereby amended by adding a new sentence which reads 'any city having a metropolitan form of government shall be authorized to impose and collect fines and forfeitures for breaches and violations of its ordinances and to impose reasonable court costs necessary to support the maintenance and operation of the various municipal courts.

SECTION 2. This Act shall have no effect unless approved by the legislative body of any metropolitan form of government affected thereby. Its approval or non-approval shall be proclaimed by the presiding officer of said body and certified by him to the Secretary of State.

SECTION 3. This Act shall take effect from and after its passage and ratification as provided for in Section 2, the public welfare requiring it.

PASSED: May 1, 1969

WILLIAM L. JENKINS,
*Speaker of the House of Representatives*

FRANK C. GORRELL,
*Speaker of the Senate*

APPROVED: May 7, 1969

BUFORD ELLINGTON,
*Governor.*"

Article 11, Section 9 of the Constitution which the above Act of the General Assembly is said to violate became a part of our Constitution adopted as Amendment No. 6 by the Limited Constitutional Convention of 1953. The pertinent part of Article 11, Section 9 is:

"'* * * any act of the General Assembly private or local in form or effect applicable to a particular county or municipality either in its governmental or its proprietary capacity shall be void and of no effect unless the act by its terms either requires the approval by a two-thirds vote of the local legislative body of the municipality or county, or requires approval in an election by a majority of those voting in said election in the municipality or county affected."

The issue presented for determination in this case is whether or not Chapter 220 of the Public Acts of 1969 is an Act which is "private or local in form or effect applicable to a particular county or municipality."

■ We cannot conceive that the provisions of Article II, Section 9 prohibit this legislation. In the case of *Shelby County v. Hale* (1956), 200 Tenn. 503, 292 S.W.2d 745, this Court was very explicit in pointing out that the provisions of the Constitution now under consideration do not prohibit the Legislature from enacting "* * * any kind of local legislation * * * provided certain things therein set forth are done." From the cases called to our attention by the briefs of counsel and from our own independent research, we are unable to find any intimation that the constitutional mandate was intended to interdict such general legislation as we conceive this to be. Article 11, Section 9 does not proscribe general laws applicable to a home rule municipality, but the constitutional prohibition rather embraces a private or local Act being made applicable to the municipality without the consent of the local legislative body or without an affirmative vote by the local electorate.

We believe that the Act in question cannot in any sense of the term be said to be one that is local or private in terms or effect. Further, it is enabling in character, not mandatory, and the Act has embedded in it the concept of local option. See Section 2, supra. This Act is not in its purport nor in its substance "private or local in form or effect" and in addition it is quite apparent that this Act applies throughout the State to all those who desire to come within its purview. "It is a general rule that 'a statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is special.' " *Nashville Gas & Heating Co. v. City of Nashville* (1941), 177 Tenn. 590, 152 S.W.2d 229.

Nowhere in the terms of Chapter 220 of the Public Acts of 1969 can we glean any intention of the Legislature that this Act was to apply solely to the Metropolitan Government of Nashville and Davidson County. Rather, this Act was an amendment to T.C.A. sec. 6-202(16) which deals with the general powers of municipal corporations. The Legislature, by this provision, was delegating to corporate courts the authority to impose costs on defendants found guilty of "breaches and violations of its ordinances" after the appropriate local legislative body has approved the legislative act by proper resolution. This Court has held that it is well within the power of the Legislature to specify the reach of the jurisdiction of the corporate courts in exercising their functions. *Hill v. State ex rel. Phillips* (1965), 216 Tenn. 503, 392 S.W.2d 950; Constitution Article 6, Section 1.

We are not unmindful of the holding of this Court in *Durham v. Dismukes* (1960), 206 Tenn. 448, 333 S.W.2d 935. In the *Durham* case this Court was dealing with a statute which related to the General Sessions Court for Sumner County, solely, and did not purport to be a statute of general application as is the one before us in the instant case. Accordingly, we held that the statute as relating to Sumner County was within the provisions of Article 11, Section 9. The Act of the Legislature in the instant case does not come within the principles announced in *Durham* since Chapter 220 is an Act of general application and deals with the powers of municipalities to assess court costs for those found guilty of violations of its ordinances.

T.C.A. sec. 6-3701 et seq., which establish a procedure for the consolidation of functions as between a county and the principal city located within the county, provides

a new form of local organization to administer the governmental and corporate functions within a metropolitan area. However, this consolidated government can adopt the general laws of this state as they relate to municipal corporations. The Legislature at T.C.A. sec. 6-3711(a) has, in clear and unambiguous language, provided that the Charter of a metropolitan government must contain a provision therein that the metropolitan government is "vested with (i) any and all powers which cities are, or may hereafter be, authorized or required to exercise under the Constitution and general laws of the State of Tennessee, as fully and completely as though the powers were specifically enumerated therein, except only for such limitations and restrictions as are provided in this Chapter or in such Charter * * *." We find no such "limitations and restrictions" imposed by Title 6, Chapter 37, T.C.A., or imposed by the Charter of the complainant in this particular case.

[■] The legislative Act having been determined by us to be one of general application as it relates to the powers of a municipality to impose reasonable court costs and to be enabling in character, it follows that Chapter 220 does not violate any Constitutional inhibition found in Article 11, Section 9. The Metropolitan Government has, by proper resolution, approved Chapter 220 consistently with the provisions of T.C.A. sec. 6-3711(a). By a similar provision in the Charter, the Metropolitan Council was empowered to pass an ordinance relating to court costs for violations of its ordinances. For the above reasons the decree of the Chancellor is affirmed.

The costs are assessed against the appellants.

Dyer, Chief Justice, Humphreys and McCanless, Justices, and Jenkins, Special Justice, concur.