Chester L. **FROST** et al., Appellants,

v.

**CITY OF CHATTANOOGA,** Tennessee, et al., Appellees.

Supreme Court of Tennessee.

Dec. 18, 1972.

T.C.A. 6–309 is a part of the general law governing the right of municipalities to annex by ordinance of the municipality territory adjacent to its boundaries. The Act in question is an amendment to T.C.A. 6–309, having the general purpose of allowing residents in the annexed territory to pay municipal taxes in accord with the municipal services received. While the purpose of the amending act is not controlling in our decision, as a matter of dictum to this opinion we note the purpose is a very laudatory one.

It is admitted Chapter 420 applies only to the City of Chattanooga in Hamilton County, Tennessee. This being the case it is argued Chapter 420 is a local law as opposed to a general law and, therefore, inhibited by certain language in Article 11, Section 9 of the Constitution of Tennessee, which reads as follows:

> The General Assembly shall by general law provide the exclusive methods by which municipalities may be created, merged, consolidated and dissolved and by which municipal boundaries may be altered.

It is first argued Chapter 420 is a taxation statute rather than an annexation statute altering municipal boundaries and the above copied constitutional inhibition does not apply.

Samuel H. Payne, Shattuck & Payne, John B. Taylor, Schoolfield & Taylor, Chattanooga, for appellants.

Eugene N. Collins, City Atty., Charles B. Rucker, Jr., and Randall L. Nelson, Special Counsel, Chattanooga, for appellees.

## OPINION

DYER, Chief Justice.

This case filed pursuant to our Declaratory Judgment Statutes, T.C.A. 23–1101 et seq., seeks a judgment as to the constitutionality of Chapter 420, Public Acts of 1971. The chancellor found the Act constitutional.

Chapter 420 grants a municipality the power " . . . to annex . . . any territory without levying any municipal ad valorem taxes except for actual municipal services rendered . . . ." The right to annex territory without taxing for services other than those actually rendered is a distinct and new municipal power regarding annexation of adjacent territory. This does not provide a new "method" in the sense annexation ordinances and referanda are methods, but it does provide an additional method in that annexation without full taxation is a new option municipalities may choose to exercise and the language above copied from Article 11, Section 9, is applicable.

It is argued Chapter 420 is a general act since it has an open-end population classification based on the U. S. Census for 1970 or any subsequent Federal Census, and other counties could come within its terms.

In Darnell v. Shapard, 156 Tenn. 544, 3 S.W.2d 661 (1927), this Court said:

The determination of the validity of acts of the Legislature attempting a classification of the counties of the state is largely influenced by the character of the legislation. If an act of the Legislature affects particular counties as governmental or political agencies, it is good. It is good if it affects only one county in this capacity. No argument is required to sustain such an act. If, however, an act of the Legislature primarily affects the citizens of particular counties or of one county in their individual relations, then such classification must rest on a reasonable basis, and, if the classification is arbitrary, the act is bad. State ex rel. v. Knox County, 154 Tenn. 483, 290 S.W. 405, 50 A.L.R. 1158; State ex rel. v. Trotter, 153 Tenn. 30, 281 S.W. 925; Wilson v. Wilson, 134 Tenn. 697, 185 S.W. 718; State v. Columbia, etc., Turnpike Co., 133 Tenn. 446, 181 S.W. 682; Redistricting Cases, 111 Tenn. 234, 80 S.W. 750.

Chapter 420 primarily affects citizens of Hamilton County in their individual relations and the classification used must be reasonable.

Section 2 of Chapter 420 makes it applicable to municipalities having a population of over one hundred thousand. After making this classification, Chapter 420 further restricts municipalities from coming within its provisions by excluding certain counties. By the last sentence of Section 2, Davidson County is excluded by excluding counties having a Metropolitan form of government. By Section 3, Knox County and Shelby County are excluded by use of the 1970 U. S. Census figures.

The reasonableness of this classification has to be viewed in the light Chapter 420 has been drafted to exclude all municipalities above one hundred thousand except Chattanooga; and, also, in the light the next largest city in Tennessee would have to increase two and one-half times its 1970 size by the U. S. Census figures to come within the population classification of one hundred thousand. A study of Chapter 420 provides convincing evidence it was not drafted to create a class of municipalities who had similar annexation-taxation problems with fringe population areas, but seeks to clothe a local act for Chattanooga in terms of a general act.

We realize, as has been argued, there are cases where statutes have been upheld on a population classification which made the statute applicable to one county. Elliot v. Fuqua, 185 Tenn. 200, 204 S.W.2d 1016 (1947); Canale v. Steveson, 224 Tenn. 578, 458 S.W.2d 797 (1970). The statute in the *Elliot* case applying only to Davidson County involved sale of "pyrotechnics." The statute in the *Canale* case applying only to Shelby County involved licensing of "fortune-telling." (The statute in the *Canale* case was invalidated on other than classification grounds.)

The difference in the *Elliot* and *Canale* cases, and the case at bar is: The Constitution in very clear language prohibits the Legislature from prescribing any method of altering municipal boundaries except by general law. The Constitution makes no such specific requirement in regard to the regulation of the sale of "pyrotechnics" or the licensing of "fortune-telling." Even if it be determined Chattanooga has a unique situation, it would avail nothing as this constitutional provision has invalidated such uniqueness justifications.

It is argued Chapter 420 is a general Act since it is an enabling act rather than a mandatory act, citing Doyle v. Metropolitan Government, Tenn., 471 S.W.2d 371 (1971). While this distinction was a factor in the *Doyle* case, the particular

language of Article 11, Section 9 at issue in the case at bar was not at issue in the *Doyle* case. In view of the mandatory language of Article 11, Section 9, requiring municipal boundaries be altered by general law, the factor of the statute being enabling or mandatory would be immaterial.

The language of Article 11, Section 9 herein relied upon as inhibiting such legislation as Chapter 420, Public Acts of 1971, was first adopted by the Limited Constitutional Convention of 1953, and later approved by the people. The Journal of this Limited Constitutional Convention reflects in detail the great evils that had arisen in regard to the Legislature enacting legislation affecting only one county or municipality. In order to remedy such evils, the language here relied upon and other language of Article 11, Section 9 was proposed by the Convention and adopted by the people. In view of these facts and this unambiguous mandatory language now a part of our Constitution, we do not hold that the Legislature could not act to alter municipal boundaries by legislation valid as a general law under the classification doctrine, but we are not able to conceive of any circumstances where such would be valid.

We are requested in the event Chapter 420 be deemed unconstitutional the void provisions be elided and the remainder of the Act be sustained. Reliance is placed on the severability clause in Chapter 420, and the statutory authorization of elision. T.C.A. § 1–310.

There is a presumption against sustaining the remaining part of a statute where a part of the statute is held unconstitutional. City of Nashville v. Browning, 192 Tenn. 597, 241 S.W.2d 583 (1951). The general rule is that,

. . . where a clause is so interwoven with other portions of an act as that we cannot suppose that the legislature would have passed the act with that clause omitted, then if such clause is declared

void, it renders the whole act null. Hobbs v. Lawrence County, 193 Tenn. 608, 247 S.W.2d 73 (1952).

To elide the provisions of Chapter 420 defining the category of affected municipalities would result in an incomplete statute. Either all municipalities would be included or this Court would be faced with the problem of establishing a class of municipalities that accords with state law. We think it unlikely the Legislature intended all municipalities be included within the provisions of Chapter 420 and to judicially create a proper class would be judicial legislation. Davidson County, et al v. Elrod, 191 Tenn. 109, 232 S.W.2d 1 (1950).

It results that Chapter 420, Public Acts of 1971, is unconstitutional and the judgment of the chancellor is reversed.

CHATTIN, HUMPHREYS, and McCANLESS, JJ., and COOPER, Sp. J., concur.