Mary Ann VOLLMER, et al.,
Plaintiffs-Appellees,

v.

CITY OF MEMPHIS, Mayor Richard Hackett, Members of the City Council and Shelby County Election Commission, Defendants-Appellants.

**and**

Alan MACE, et al., Plaintiffs-Appellees,

v.

CITY OF MEMPHIS, Richard Hackett, Mayor, and City Councilmen, Defendants-Appellants.

Supreme Court of Tennessee, at Jackson.

April 6, 1987.

Leo Bearman, Jr., Memphis, for appellants, City of Memphis, et al.

W.J. Michael Cody, Atty. Gen., and Jim G. Creecy, Associate Chief Deputy State Atty. Gen., Nashville, Intervenor R. Lee Winchester, Richard L. Winchester, Jr. and Jeffrey D. Germany, Memphis, for appellees Mary Ann Vollmer, et al.

Katherine Carlyle, Memphis, for appellees, Alan Mace, et al.

MATHERNE, Special Justice.

In each of these cases, consolidated for trial and on appeal, the plaintiffs challenge the constitutionality of section 6–51–102, Tennessee Code Annotated, under which statute the Memphis City Council enacted an annexation ordinance which affected the plaintiffs as citizens and property owners. In the alternative, the plaintiffs also brought action in the nature of quo warranto challenging the reasonableness of the ordinance under section 6–51–103(a), T.C.A.

The chancellor granted the plaintiffs' motion for summary judgment, declared section 6–51–102, T.C.A., unconstitutional in its entirety, and held the annexation ordinance passed thereunder to be void. The defendant city and its officials, joined by the state attorney general, seek review by direct appeal to this court.

The Limited Constitutional Convention of 1953 adopted and submitted to the people the following amendment to the Constitution:

The General Assembly shall by *general law* provide the exclusive methods by which municipalities may be created, merged, consolidated and dissolved *and by which municipal boundaries may be altered.* (Emphasis added)

This proposed amendment was duly ratified by the people and proclaimed by the governor on November 19, 1953. This provision is now a part of section 9, article 11 of the Constitution of Tennessee and is the provision which the instant lawsuit claims to have been violated.

Thereafter, in 1955, the legislature enacted chapter 113, Acts of 1955, codified as the first paragraph of section 6–51–102, plus sections 6–51–104 and 6–51–105. At issue in these lawsuits is the first paragraph, which is section 6–51–102, (a)(1).

6–51–102. Annexation by ordinance.— (a)(1) A municipality when petitioned by a majority of the residents and property owners of the affected territory, or upon its own initiative when it appears that the prosperity of such municipality and territory will be materially retarded and the safety and welfare of the inhabitants and property endangered, after notice

and public hearing, by ordinance, may extend its corporate limits by annexation of such territory adjoining its existing boundaries as may be deemed necessary for the welfare of the residents and property owners of the affected territory as well as the municipality as a whole, provided the ordinance shall not become operative until thirty (30) days after final passage thereof.

Sections 6–51–104 and 6–51–105 deal with annexation by referendum and are not now at issue.

Section 6–51–102(a)(1) has been subjected to a rather extensive series of amendments during the years 1961 through 1986. One of these amendments has been declared unconstitutional, and another has been deleted by a subsequent amendment. The amendment now before the court was enacted as chapter 522, sections 1 and 2 of the Public Acts of 1981, codified as section 6–51–102(a)(2) A through J (iv) and K, T.C.A.

The 1981 Act repeats the substance of section (a)(1) except that it omits the words "provided the ordinance shall not become operative until 30 days after final passage," and it amended section (a)(1) by deleting those words from that section. However, the official code still carries those words as a part of section (a)(1), see 1986 Code Supplement. The 1981 Act then proceeds to set out how the residents of an area annexed by the municipality's own initiative may demand a referendum of the qualified voters within the territory to be annexed. These provisions are codified as 6–51–102(a)(2)(B) through (I). All these provisions would apply to every municipality in the state.

However, the 1981 Act then sets out certain rather stringent exceptions as applied to certain municipalities located in certain counties in the state. Those exceptions may be summarized as follows:

(1) section (a)(2) *shall only* apply to counties having a population of not less than 77,000 nor more than 400,000, except that

(2) section (a)(2) *shall not* apply to counties having a population of not less than 287,000 nor more than 288,000, or

    (a) a population of not less than 84,000 nor more than 86,000, provided further,

(3) that section (a)(2) *shall also apply* to any counties having a population of not less than 49,275 nor more than 49,375, and

    (a) of not less than 14,940 nor more than 15,125, provided further,

(4) that, effective January 2, 1982 section (a)(2) *shall also apply* to any county having a population of not less than 28,-500 nor more than 28,600, provided further,

(5) that section (a)(2) *shall also apply* to two adjacent counties which contain a part of a standard metropolitan statistical area and have at least three cities with a population of not less than 25,000 nor more than 50,000 and to any county containing a municipal airport located in an adjoining county, and to any county in a standard metropolitan statistical area containing a federal military reservation of 25,000 acres or more, provided further,

(6) That section (a)(2) *shall not apply* to any county with a metropolitan form of government prior to June 1, 1981.

These provisions all refer to the 1980 federal census and any subsequent federal census.

The issues for review are stated differently by the parties, but we hold the following are the issues to be now considered:

(1) does chapter 522, Public Acts of 1981, violate section 9, article 11 of the Constitution of Tennessee;

(2) if chapter 522 is unconstitutional, can any part thereof be deleted so as to leave a constitutional enactment;

(3) did the chancellor err in declaring section 6–51–102, T.C.A., unconstitutional in its entirety?

It is noted that the issues in the trial court and as presented to this court, dealt only with the provisions of section 6–51–102(a)(1) and (a)(2). Sub-section (b) and (c) of section 6–51–102 were not at issue, and will not be here considered. Sub-section (a)(1) originated as a part of chapter 113, Public Acts of 1955; sub-section (a)(2) originated as chapter 522, Public Acts of 1981, which act was an amendment to sub-section (a)(1).

The 1981 amendment attempted to set up a procedure whereby an annexation ordinance must be ratified by the voters of the municipality and the affected territory. This ratification requirement, however, applied only to certain counties classified according to the 1980 census. It is this classification which the plaintiffs contend, and the chancellor found, violated section 9 of article 11 of the Constitution.

Looking first to the constitutionality of chapter 522, Public Acts of 1981, we hold that statute to be unconstitutional as violative of section 9, article 11, of the Constitution of Tennessee. *Frost v. City of Chattanooga*, (Tenn.1972) 488 S.W.2d 370; *Pirtle v. City of Jackson*, (Tenn.1977) 560 S.W.2d 400.

Chapter 522 initially restricts its application to counties having a population of not less than 77,000 nor more than 400,000. However, the Act further restricts its provisions to certain other counties, both included and excluded under that general classification. As pointed out in appellees' brief the Act proceeds to exclude Benton County, population 14,901 and Hickman County, population 15,151, while including Crockett County, population 14,941. We have not considered the effect of the Act upon each county in the state. Suffice it to say the classifications as herein summarized are not reasonable and render the statute void. *Frost case, Pirtle case.*

The city argues that the amending statute sets up two separate means of annexation, and, therefore, it should be upheld, with each county having its choice of procedure. We reject that reasoning as grounds to uphold an otherwise unreasonable calssification. The city further argues that the cost involved in submitting the question to the voters of the municipality and of the annexed territory would be tremendous in the large counties, whereas it would be

oppressive in the smaller counties. The legislature has the authority to fix the financial responsibility of holding referendums as allowed by statute. We cannot justify the classification made based upon that argument.

On the issue of whether the classification portion of chapter 522 could be stricken and the remainder of the Act upheld, we conclude that this cannot be done. There is a presumption against sustaining the remaining part of a statute where a part has been declared unconstitutional. *City of Nashville v. Browning*, (1951) 192 Tenn. 597, 241 S.W.2d 583. Generally, where a part of a statute is so interwoven with other portions of the Act so that we cannot suppose that the legislature would have passed the Act with that part omitted, a finding that that part is unconstitutional renders the whole Act void. *Hobbs v. Lawrence County*, (1952) 193 Tenn. 608, 247 S.W.2d 73. We hold that the legislature would not have passed Chapter 522 without the illegal classification as herein summarized. If we held the remainder of the Act constitutional, we would be creating a proper class which would be judicial legislation. *Frost v. City of Chattanooga, supra.*

We hold that the chancellor erred in declaring section 6–51–102 void in its entirety. The only issue before him was the validity of Chapter 522, Public Acts of 1981. That statute is codified as section 6–51–102(a)(2)(A) thru (K), with the exception of sub-section (a)(2)(J)(v), which is a codification of chapter 734, Public Acts of 1986. Basically, an unconstitutional act which amends a former valid act does not repeal or change the former act but leaves it in full force and effect. *State v. Dixon*, (Tenn.1975) 530 S.W.2d 73; *McMinn County Board of Education v. Anderson*, (1956) 200 Tenn. 333, 292 S.W.2d 198. We hold that only the provisions of Chapter 522, Public Acts of 1981, are stricken from section 6–51–102, and the remaining portions of that section remain in full force and effect. Insofar as this lawsuit is concerned, the City of Memphis acted under a valid statute.

The chancellor did not pass upon the quo warranto issue as raised by the plaintiffs. Therefore, and for the reasons herein stated, the decree of the chancellor is reversed, and this lawsuit is remanded to the chancery court for a hearing on the quo warranto proceeding. The costs to date in the chancery court and in this court are adjudged one-half against each party.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.