Mary Ann VOLLMER, Coy N. Haraway, Pamela B. Asa, Barbara E. Prink and Jon Buhler, Plaintiffs/Appellants,

v.

CITY OF MEMPHIS, A Municipal Corporation; Richard Hackett, Mayor; Members of the Memphis City Council, Patricia Vander Schaaf, Bill Gibbons, Oscar H. Edmonds, Barbara Sonnenburg, A.D. Alissandratos, Minerva Johnican, Jack Owens, Billy Hyman, Bill Davis, Michael J. Hooks, Robert B. James, Dr. James W. Ford, J.O. Patterson, Jr.; and Shelby County Election Commission, O.C. Pleasants, Gerald Gaia, Ann J. Weldon, Carl Moore and James E. Smith, As Commissioners, Defendants/Appellees.

Supreme Court of Tennessee,
at Jackson.

May 14, 1990.
Rehearing Denied July 2, 1990.

R. Lee Winchester and Richard L. Winchester, Jr., Memphis, for plaintiffs/appellants.

Charles W. Burson, Atty. Gen. and Reporter, Jim G. Creecy, Chief Sp. Counsel, Nashville, and Leo Bearman, Jr., Memphis, for defendants/appellees.

## OPINION

O'BRIEN, Justice.

This suit in the nature of a Quo Warranto proceeding has a long and extensive history. In December 1984 the plaintiffs filed a complaint challenging the validity of an ordinance proposed by the City of Memphis to annex and include within its corporate limits certain adjacent areas, including the town of Cordova, in Shelby County, Tennessee. The constitutional issue raised in the complaint was that the annexing ordinance violated Article 1, § 1 and Article 11, § 16 of the Tennessee Constitution. A motion for summary judgment filed by the plaintiffs was granted in the trial court. The chancellor declared T.C.A. § 6–51–102, dealing with annexation by ordinance, unconstitutional in its entirety, and held the annexation ordinance passed by the City of Memphis to be void. The defendant city and its officials, joined by the State Attorney General, sought review by direct appeal to this Court. This Court held that only the provisions of Chapter 522, Public Acts of 1981, codified as § 6–51–102(a)(2)(A) thru (K), with the exception of sub-section (a)(2)(J)(v), were unconstitutional and so were to be stricken from the statute. The court ruled that the chancellor did not pass upon the Quo Warranto issue as raised by the plaintiffs and remanded the cause for that purpose.[1]

On remand this case was set to trial before a jury, consolidated with a similar cause of action filed by other residents of the area subject to annexation. The issue submitted to the jury was stated to be:

> Is the annexation ordinance reasonable, taking into consideration the health safety and welfare of the citizens and property owners of the area to be annexed and the City of Memphis?

The jury responded to the question in the affirmative. The findings of the jury were approved by the trial court. A motion for directed verdict or new trial was denied. The litigants in Chancery Cause No. 91739–1 filed an appeal to this Court. The litigants in Cause No. 91738–1 have not appealed.

■ The plaintiffs' argument is that this Court's prior ruling in *Vollmer v. City of Memphis,* supra, holding that Chapter 522 of the Public Acts of 1981 was constitutional, has the effect of depriving citizens of the State of the right to vote on whether or not they choose to become a part of a neighboring municipality. Without this right, a citizen of Tennessee may have imposed upon him a new and additional level of government complete with additional tax obligations and restrictions upon his personal freedom. It is contended that such an imposition of government is precisely the evil sought to be prohibited by Art. 1, § 1 and Art. 11, § 16 of the Constitution of the State of Tennessee.

This argument is eminently correct in its assertion that Art. 1, § 1 of the Constitution reserves all power inherent in the people and retains the government under their control. Specifically, this Article mandates:

1. *Vollmer v. City of Memphis,* 730 S.W.2d 619, 622 (Tenn.1987).

"That all power is inherent in the people, and all free governments are founded on their authority, and instituted for their peace, safety, and happiness; for the advancement of those ends they have at all times, an unalienable and indefeasible right to alter, reform, or abolish the government in such manner as they may think proper."

Article 11, § 16 confirms the rights established by Article I and stresses the determination of our founding fathers that the declaration of rights established by that section shall remain inviolate:

"The declaration of rights hereto prefixed is declared to be a part of the Constitution of this State, and shall never be violated on any pretence whatever. And to guard against transgression of the high powers we have delegated, we declare that everything in the bill of rights contained, is excepted out of the General powers of government, and shall forever remain inviolate."

▇▇ However, these provisions do not mean that individual citizens, members of a community, or inhabitants of an area to be annexed can thwart or avoid other provisions of the Constitution because of their dissatisfaction with statutory authority directed or permitted under its terms. In construing the Constitution, the whole instrument must be taken into consideration, and no part so construed as to impair or destroy any other part. Legislative powers enumerated in one clause must be defined and exercised with reference to limitations and requirements made in other clauses. Every clause should be given effect. The general language of one clause should not be permitted to render ineffective the express or specific provisions of another clause. *State v. Memphis City Bank,* 91 Tenn. 574, 19 S.W. 1045 (1892). Neither the legislature, the judiciary, nor the citizenry, acting individually or in unison, can alter or change its provisions except in the manner provided within its text. Article 11, § 3 provides the explicit way in which the people of this State may alter, reform or abolish any specified part or parts of the Constitution and requires action on the part

of a majority of all the voters of the State to approve any such proposal. It provides the manner in which such a proposal shall be approved, and there is no other.

It is for the legislature, as the direct representatives of the people, to determine what the public good requires. The courts can only interfere when the legislature has violated the Constitution, not otherwise. *Davis v. State,* 71 Tenn. 376, 19 S.W. 1045 (1879). At the prior hearing of the case this Court said:

"The limited Constitutional Convention of 1953 adopted and submitted to the people the following amendment to the Constitution:

'The general assembly shall by *general law* provide the exclusive methods by which municipalities may be created, merged, consolidated and dissolved *and by which municipal boundaries may be altered.* (Emphasis in original).'

This proposed amendment was duly ratified by the people and proclaimed by the governor on November 19, 1953. This provision is now a part of § 9, article 11, of the Constitution of Tennessee ..." 730 S.W.2d, p. 620.

The Court held that insofar as this law suit is concerned, the City of Memphis acted under a valid statute. We find nothing in this subsequent phase of this proceeding to warrant any change in that decision. In our view the statute authorizing annexation by ordinance is constitutionally sound and empowers the City of Memphis to act as it did in this case.

▇▇ It is insisted the trial court erred in refusing to grant appellant's motion for a directed verdict. Appellants argue here as they did in the trial court that the City of Memphis did not conform to the requirements of T.C.A. § 6–51–102 which provides that a municipality may extend its corporate limits by annexation upon its own initiative as may be deemed necessary for the welfare of the residents and property owners of the affected territory as well as the municipality as a whole when it appears that the prosperity of such municipality and territory will be materially retarded

and the safety and welfare of the inhabitants and property endangered.

However, T.C.A. § 6–51–103, providing for a contest of an annexation ordinance, specifically states that any suit to contest the validity of such an ordinance shall be "on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law." This was the issue submitted to the jury. This was the issue approved by the trial court upon the finding of the jury. T.R.A.P. 13(d) requires that findings of fact by a jury in civil actions shall be set aside on appellate review only if there is no material evidence to support the verdict.

The evidence at trial was ample to show that the growth of the City of Memphis will be inhibited if Cordova is not annexed and is allowed to incorporate as planned. Annexation of the area to be incorporated into the city limits would place the citizens of that area on the tax rolls of the City of Memphis. Residents of the area would participate in payment for city services and amenities which the majority of them now enjoy without cost, including parks, libraries and other public facilities financed and provided by the city. The great majority of the residents in the area are employed in Memphis and commute by automobiles which do not presently meet the emission standards required of automobiles owned by Memphis residents. Compliance with these standards will insure cleaner air for citizens of the entire region. Ambulance and fire services would be greatly enhanced by annexation and immediate construction of new facilities in the Cordova area. Sanitary services, street construction and upkeep will improve as well as police protection. Annexation will bring the Cordova area within the Memphis City School System which is better equipped and financed than that currently provided otherwise. It is plain that a great deal of material evidence supports the jury verdict that annexation of the proposed territory by the City of Memphis is reasonable, taking into consideration the health safety and welfare of the citizens and property owners of the area to be annexed, as well as the City of Memphis. We find this issue to be without merit.

■ Finally, the appellants say the chancellor erred in allowing a City of Memphis witness to offer expert testimony in regard to city planning matters. This witness, Paul Gurly, was the Director of Legislative and Community Affairs for the City of Memphis. He served as a liaison representative between the mayor's office and the city council. In this capacity he was involved and familiar with the Cordova annexation, its background, fiscal impact and the part it played in the growth of the City of Memphis. His testimony on these subjects was accompanied by numerous exhibits dealing with annexation, expansion of city services and related matters. He was present at all public hearings involving the annexation procedure. In the course of direct examination he was asked, "Mr. Gurley, why does the City need to have this area of expansion generally? Why don't we just stay where we are?" Objection was made on the basis that he was not qualified as an expert in city planning matters. The trial court ruled that the testimony was admissible. We agree. This testimony came in the form of expert opinion and satisfied the general requirement of specialized knowledge in a given area. Further, his testimony was of assistance to the jury in evaluating the issues involved in this case. See Tennessee Rule of Evidence 702.

Having found the statute under which the city's annexation plan was carried out to be constitutional and recognizing the existence of competent material evidence in the record to support the jury's verdict, we affirm the decision of the trial court and remand the cause for any further proceedings required. Costs are assessed against the plaintiffs-appellants.

DROWOTA, C.J., COOPER and HARBISON, JJ., and McLEMORE, Special Judge, concur.

ORDER ON PETITION TO REHEAR

PER CURIAM.

Plaintiffs/Appellants have filed a respectful Petition to Rehear by which the Court is requested to reconsider matters which have previously been submitted, fully considered and disposed of in our original opinion.

The Petition to Rehear must be denied.