STATE OF TENNESSEE, Upon )
Relation of LLOYD R. ADAMS, )
MURPHY W. RALSTON, and )
W.C. TALLANT, )
)
      Plaintiffs/Appellants, )
) Rutherford Chancery
) No. 92CV-820
VS. )
) Appeal No.
) 01-A-01-9404-CH-00195
CITY OF MURFREESBORO, )
TENNESSEE, )
)
      Defendant/Appellee. )

**FILED**

Nov. 1, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF RUTHERFORD COUNTY

AT MURFREESBORO, TENNESSEE

HONORABLE ROBERT E. CORLEW, III, CHANCELLOR

PHILLIP L. DAVIDSON
2400 Crestmoor Road
Suite 107
Nashville, Tennessee 37215
ATTORNEY FOR PLAINTIFFS/APPELLANTS

THOMAS L. REED, JR.
City Attorney
111 West Vine Street
P.O. Box 5055
Murfreesboro, Tennessee 37133-5055
ATTORNEY FOR DEFENDANT/APPELLEE

AFFIRMED AND REMANDED

                         HENRY F. TODD
                         PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE
HERSCHEL P. FRANKS, JUDGE

STATE OF TENNESSEE, Upon ) 
Relation of  LLOYD R. ADAMS, ) 
MURPHY W. RALSTON, and ) 
W.C. TALLANT, ) 
                     ) 
       Plaintiffs/Appellants, ) 
                     )       Rutherford Chancery 
                     )       No.  92CV-820 
VS. ) 
                     )       Appeal No. 
                     )       01-A-01-9404-CH-00195 
CITY OF MURFREESBORO, ) 
TENNESSEE, ) 
                     ) 
       Defendant/Appellee. )

O P I N I O N

This is a suit to invalidate an annexation ordinance of the City of Murfreesboro.  The plaintiff appealed from the dismissal of his suit, although neither party questioned the adequacy of the description of the land to be annexed.  On October 26, 1994, this Court filed an opinion pointing out the infirmities of the ordinance and remanded to allow such infirmities to be remedied.

On August 28, 1995, a supplemental record was received indicating the remedial measures taken to which neither party takes exception.  Such measures are therefore accepted as adequate, and attention will be directed to the original issue which was:

> Is the annexation ordinance reasonable, taking into consideration the health, safety and welfare of the area to be annexed and the city.

See *Volmer v. City of Memphis,* Tenn. 1990, 792 S.W.2d 446.

The applicable statute is T.C.A. Section 6-51-103, which reads in pertinent part as follows:

> **Quo warranto to contest annexation ordinance -- Appellate review. --**  (a)(1)(A)  Any aggrieved owner of property which borders or lies within territory which is the subject of an annexation ordinance prior to the operative date thereof, may file a suit in the nature of a quo warranto proceeding in accordance with this part, §6-51-301 and title 29, chapter 35 to contest the validity thereof on the ground that it reasonably may

not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law. . .

\* \* \*

(c) . . . Suit or suits, shall be tried on an issue to be made up there, and the question shall be whether the proposed annexation be or be not unreasonable in consideration of the health, safety and welfare of the citizens and property owners of the territory sought to be annexed and the citizens and property owners of the municipality . . .

In the annexation of territory, someone must fix the boundaries, and this power, when exercised, is legislative and will not be disturbed by the courts unless the action was arbitrary and unreasonable. *State, ex rel Wood v. City of Memphis,* Tenn. 1974, 510 S.W.2d 889.

The whole theory of annexation is that it is a device by which a municipal corporation may plan for its orderly growth and development. *State, ex rel Collier v. City of Pigeon Forge,* Tenn. 1980, 599 S.W.2d 545.

If two municipalities seek to annex the same territory, the larger municipality has precedence. T.C.A. §6-51-110(b).

It appears that the area in question adjoins the city limits of Murfreesboro and fronts on a U.S. highway at an interchange with an interstate highway under construction.

It also appears that an attempt is being made to incorporate the same area into a satellite city smaller than the City of Murfreesboro.

The Trial Judge filed a lengthy memorandum reciting the evidence and his findings.

The appellant presents the following arguments:

I.   The evidence at trial preponderated against the trial court's finding that the annexed area needed municipal services.

II.   The fact that the city has the present ability to provide services does not prove that the ordinance is reasonable especially if there is no proof that the services would ever be utilized.

III.   The evidence at trial clearly preponderated against any finding that the annexation ordinance was reasonable for the health, safety, and welfare of the citizens of the area to be annexed and the city.

IV.   The evidence at trial preponderated against any finding that the City of Murfreesboro had any legitimate need to control the area to be annexed.

Each of these contentions has been examined in the light of the above authorities, the record and the findings of the Trial Court which are supported by a preponderance of the evidence.

The judgment of the Trial Court dismissing this suit is affirmed.  Costs of this appeal are taxed against the appellant.  The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
HERSCHEL P. FRANKS, JUDGE

-4-