# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 13, 2000 Session

## STATE OF TENNESSEE, EX. REL. JAMES BOREN, ET AL. v. TOWN OF ORLINDA, ET AL.

### Rule 3 Appeal from the Chancery Court for Robertson County
### No. 13060   James E. Walton, Judge

---

### No. M1999-02240-COA-R3-CV - Filed October 12, 2000

---

This appeal arises from property owners' *quo warranto* challenge to an ordinance annexing their property. Property owners allege that the annexation was not reasonably necessary for the their health, safety, and welfare and for the annexing municipality. Prior to trial, the trial court denied Defendant's motion in limine which sought to exclude testimony of the property owners, a comparison of the services offered by the annexing municipality and a neighboring municipality interested in annexing the disputed area, evidence regarding the public hearing on annexation, and evidence of the annexing municipality's other annexations. The jury returned a verdict for Plaintiffs, finding the annexation was not reasonable, and the trial court entered judgment thereon. Defendant appeals.

**Tenn.R.App.R.3 Appeal as of Right; Judgment of the Chancery Court affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and PATRICIA J. COTTRELL, J., joined.

Douglas Berry, Nashville

John P. Williams, Nashville

## OPINION

Defendant, Town of Orlinda, appeals the judgment of the trial court vacating an annexation ordinance pursuant to a jury verdict finding that the ordinance is not reasonable in consideration of the health, safety, and welfare of the citizens and property owners of the territory sought to be annexed and the citizens and property owners of the municipality. We affirm the judgment of the trial court.

On September 12, 1996, the Orlinda Board of Commissioners adopted an ordinance to annex a narrow strip of land located between Interstate 65 and Highway 31 in Robertson County. Several

months earlier, the nearby City of Portland had begun considering an ordinance to annex the same area, but was forced to hold its annexation proceedings in abeyance until Orlinda's proceedings were concluded, pursuant to T.C.A. § 6-51-110(c).[1]

Testimony at trial focused primarily on Orlinda's ability to provide municipal services to the annexed area. Before annexation, the governing body of a municipality must adopt a "plan of services," identifying what services the municipality intends to provide to the annexed area and the projected timing of extension of those services. T.C.A. § 6-51-102(b) (1) (1998). At trial, the Town of Orlinda presented evidence that its Plan of Services (the "Plan") provides for maintenance of public roads and installation of traffic control devices. The property owners presented evidence that the Plan does not offer any sewer service, refuse collection, or any additional fire or police protection to the annexed area. The Plan also does not provide for any changes in water or natural gas service, which the City of Portland would continue to provide. Additionally, the property owners presented evidence that Robertson County had been providing police and fire protection to the annexed area, and would continue to do so regardless of the annexation.

The trial court, in denying the Town's motion in limine, allowed the property owners to present evidence of their opposition to the annexation. In addition, the trial court allowed proof comparing Orlinda's level of services with Portland's, and Portland's ability to provide the annexed area with services. The trial court also allowed evidence of the property owners' attendance at the public hearing regarding the proposed annexation, as well as evidence concerning Orlinda's prior annexations.

At the conclusion of the trial, the Court furnished the jurors a verdict form for a determination of whether the annexation ordinance was "reasonable in consideration of the health, safety and welfare of the citizens and property owners of the territory site to be annexed and the citizens and property owners of the municipality." The jury found the annexation was not "reasonable."

Appellant presents two issues on appeal. The first issue, as stated in the brief, is:

> Whether there was material evidence to support the jury's verdict that
> an annexation ordinance of the Town of Orlinda was not reasonable.

When factual determinations made by a jury have been approved by the trial judge, an appellate court may only set aside these factual findings in the absence of any material evidence in the record to support the verdict. *See Jackson v. Patton*, 952 S.W.2d 404, 405 (Tenn. 1997).

_____

[1] That section provides that "the proceedings of the municipality which was incorporated in the same county in which the territory to be annexed is located shall have precedence" over another municipality not located in the same county. T.C.A. § 6-51-110(c) (1998). This case was tried in 1996, before the Tennessee State Legislature enacted major changes to the annexation statutes. We, therefore, review this case under the statute as it was at the time of the trial in this case.

The jury found that the Town of Orlinda's annexation ordinance was not "reasonable". Under T.C.A. § 6-51-103(b), the municipality seeking the annexation has the burden of proving the annexation ordinance is "reasonable for the overall well-being of the communities involved." Our review of the record in this case persuades us that there is ample material evidence to support the jury's verdict, and that Defendant Town of Orlinda failed to carry its burden of proof on the issue of "reasonableness" under the statute.

In *Vollmer v. City of Memphis*, the Tennessee Supreme Court noted that,

> T.C.A. § 6-51-103, providing for a contest of an annexation ordinance, specifically states that any suit to contest the validity of such an ordinance shall be "on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law."

792 S.W.2d 446, 449 (Tenn. 1990). In the absence of any specific direction in the statute, the Supreme Court has enumerated several factors which juries may consider in determining whether an annexation ordinance is reasonable. These factors include the annexed area's need for municipal services, the ability of the annexing municipality to provide such services, and the annexing municipality's motives in annexing the area at issue. *See City of Kingsport v. State ex rel. Crown Enterprises, Inc.*, 562 S.W.2d 808, 812 (Tenn. 1978). However, the Court has made it clear that these factors are not exclusive, and the weight they are to be given in reaching a particular verdict may vary. *See State ex rel. Collier v. City of Pigeon Forge*, 599 S.W.2d 545, 547-58 (Tenn. 1980).

First, we review the evidence to determine if the annexed area had a need for municipal services. Defendant presented evidence that it intended to provide the annexed area with street maintenance and street lights. However, Defendant proposed no other new services for the area in its plan of services. Plaintiffs argued that there was less than one mile of public roads in the annexed area requiring maintenance, and that those roads were in good condition. Plaintiffs also presented evidence that residents of the annexed area were already benefitting from street lights the City of Portland installed, and that many property owners had installed their own security lights on their property. While the record indicates that the annexed area is dependent upon the City of Portland and Robertson County to provide it with many of the services it needs, nothing in the Plan of Services indicates that the Town of Orlinda would supplement or take over supplying these services after annexation. For these reasons, we find that the annexed area was not in need of municipal services beyond those already provided.

Next, we review the record for evidence regarding the Defendant's ability to provide the annexed area with services. Based on the evidence Plaintiffs introduced at trial, it appears that the Town of Orlinda has little to offer the residents of the annexed area. The record indicates that, although Orlinda had leased land on which it intended to build a new fire station, the Town employs no full-time firefighters and instead relies on volunteers. The record also indicates that Orlinda does

not have its own police department, but relies upon the Robertson County Sheriff's Department to patrol the town. Coupled with evidence that Robertson County and the City of Portland provide the majority of the annexed areas' municipal services, these facts represent substantial evidence that the annexation ordinance is unreasonable.

Finally, we review the record for facts relating to the motivation of the municipality in annexing the area in dispute. The Tennessee Supreme Court in *Collier* noted that courts must "scrutinize the stated and ostensible purpose of the annexation." 599 S.W.2d at 547. In this regard, we note the Defendant's Plan of Service did not include many of the services the Town of Orlinda presented in evidence for provision to the annexed area. For example, although Defendant presented evidence that Orlinda had researched the possibility of providing sewer service to the annexed area, the Town did not propose to provide such a service in its Plan of Service. Defendant's proposal for a new fire station was also not included in the Plan. Defendant's plan to extend weekend patrols by off-duty Robertson County deputies into the annexed area is also not included in the Plan. The fact that these additional proposals to serve the annexed area were only proposed after the property owners objected to the annexation is troubling. Additional evidence which speaks to the issue of motivation is that Orlinda's last annexation had been in 1988, and in the eleven years following that annexation, the Town had yet to provide the annexed area with sewer service.

In sum, the Plaintiffs presented substantial evidence that Defendant Town of Orlinda's annexation ordinance was not reasonable under the circumstances. Orlinda did not carry its burden of proof that the annexed area either needed the proposed services, or that Orlinda was equipped to provide the area with any necessary services. There is no evidence that the residents of the annexed area would in any measurable way benefit from the annexation, and it appears that any such benefit would inure solely to the Defendant town.

The second issue presented for review, as stated in the brief, is:

> 2. Whether the trial court erred in admitting evidence not relevant to the issue of the reasonableness of the annexation, including:
>
> a. Property owners' opposition to the annexation for reasons unrelated to the need for municipal services or Orlinda's intention and ability to supply them;
>
> b. A comparison of the level of services offered by Orlinda with those of the neighboring city of Portland, which was not a party to the suit and whose right to annex the same area was by statute subordinate to Orlinda's;
>
> c. Evidence concerning the manner in which the public hearing on the ordinance was conducted, when no issue had been formally raised that the hearing was unfair or not in compliance with the statute;

d. Evidence concerning prior and subsequent annexations by Orlinda.

Rules 401 and 402, Tennessee Rules of Evidence, provide respectively as follows:

> **Rule 401. Definition of "relevant evidence."** - "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

> **Rule 402. Relevant evidence generally admissible; irrelevant evidence inadmissible.** - All relevant evidence is admissible except as provided by the Constitution of the United States, the Constitution of Tennessee, these rules, or other rules or laws of general application in the courts of Tennessee. Evidence which is not relevant is not admissible.

Whether evidence is admissible rests within the sound discretion of the trial court which will be reversed only for abuse of that discretion. *See Wright v. Quillan,* 909 S.W.2d 804, 809 (Tenn. Ct. App. 1995); *Strickland v. City of Lawrenceburg*, 611 S.W.2d 832, 835 (Tenn. Ct. App. 1980).

Defendant asserts that the subjective preference of property owners is irrelevant to the issue of reasonableness. We disagree. An additional factor courts have considered in determining the reasonableness of an annexation statute is the extent to which the residents of the area are satisfied with their pre-annexation services and their opposition to the annexation. *See Cox v. City of Jackson*, 1997 WL 777078, at *6 (Tenn. Ct. App. 1997)(citations omitted).

Defendant also objects to testimony regarding the public hearing the Town of Orlinda held on the proposed annexation ordinance and testimony regarding Orlinda's prior annexations. Testimony regarding the public hearing was relevant to show the property owners' timely objection to the annexation, and testimony regarding prior annexations is relevant to both the Defendant's ability to provide services as well as its motivation in annexing the disputed area.

Finally, Defendant objects to evidence which considered Orlinda's ability to provide the annexed area with services as opposed to that of its neighbor, the City of Portland. This evidence could be considered relevant to prove that needed services are or could be readily available, but that these needed services are not readily available from Orlinda and, thus, the present annexation is unreasonable. We find no abuse of discretion by the trial court in admitting the evidence. In any event, in view of the record as a whole, if there were any error on the part of the trial court in this regard, it is harmless.

The judgment of the trial court is affirmed, and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against appellant, Town of Orlinda and its surety.

_____

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.